Marvin Albert **JANSSEN,** Appellant,

v.

Michael **SELLERS, Commissioner of**
Public Safety, Appellee.

No. 55598.

Supreme Court of Iowa.

May 23, 1973.

Rehearing Denied June 25, 1973.

Morris C. Hurd, Ida Grove, for appellant.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

The trial court dismissed plaintiff's appeal in a driver's license revocation proceeding under the implied consent law. We affirm.

On October 8, 1971 plaintiff was arrested for operating a motor vehicle while under the influence of an intoxicating beverage in violation of section 321.281, The Code. He had been stopped along the highway in the vicinity of Moville, Iowa. At the scene the arresting officer conducted routine balance tests and sought plaintiff's consent to submit to a blood test. Plaintiff testified he was greatly excited and believed the officer himself sought to withdraw the blood sample at the scene. He does not testify to anything said or done by the officer which might have given him such an impression. The offer was refused by plaintiff who was thereupon taken to the police station in Sioux City.

There the officer invoked the provisions of chapter 321B, The Code, (implied consent law) and again offered a blood test which plaintiff again refused. Plaintiff next refused the offer of a breath test, explaining: "I was too excited. I didn't know what I was doing." His refusal to submit to a test resulted in the subsequent revocation of his license as provided by section 321B.7.

Plaintiff thereafter sought a temporary driving permit, claiming authority therefor is provided in section 321.210, The Code, (authority to suspend-point system). This application was refused by the commissioner on the ground he lacked authority to grant a temporary permit where a license has been suspended under chapter 321B.

On appeal to district court plaintiff offered evidence and then rested his case. Thereafter the commissioner's motion to dismiss was sustained. In this appeal he claims to have made out a prima facie case showing the invocation of the implied consent law was improper. He also argues the commissioner had discretion to grant a temporary driver's permit.

■ I. If plaintiff had consented to what he now says he then believed the officer asked of him, the results of the test would have been inadmissible. In State v. Hall, 203 N.W.2d 375 (Iowa 1973) we held a refusal to submit to a breath test was inadmissible in a criminal prosecution where the results of the test would have been excluded. In that case the officer had neglected to first offer a blood test as required in Rodriguez v. Fulton, 190 N.W.2d 417 (Iowa 1971); State v. Hraha, 193 N.W.2d 484 (Iowa 1972); State v. Williams, 201 N.W.2d 710 (Iowa 1972). Here however the commissioner cannot be bound by the plaintiff's state of confusion at the time the test was sought. There is no showing the officer contributed to any such confusion.

Citing State v. Hraha, supra, plaintiff argues a consent must be voluntarily, freely and intelligently given with full realization and comprehension of its meaning. This standard, noted in Hraha, was given to describe the state of mind necessary to waive a constitutional or statutory right in a criminal prosecution. In Buda v. Fulton, 261 Iowa 981, 157 N.W.2d 336 (1968) we rejected lack of understanding as a defense available in a license revocation proceeding. We said that to hold otherwise " * * * would, in effect, serve to defeat the self-evident intent, purpose and policy of chapter 321B, Code of Iowa."

■ It would be folly to excuse a refusal to comply with the implied consent law on the basis of the driver's own confusion. Such a defense would become increasingly available in direct proportion to his degree of intoxication. Such was not the intent of the legislature. We did not so hold in State v. Hraha, supra. The trial court was right in finding no showing the implied consent law was improperly invoked.

■ II. Trial court was also right in rejecting the claim the commissioner has authority to grant a temporary driving permit to a motorist whose license has been revoked under the implied consent law. Section 321.210, The Code, authorized the department of public safety to establish a point system for licensed drivers. Under the system a driver's license may be suspended for misconduct in·manners the section specifies. The section gives the commissioner authority to issue temporary restricted licenses to persons convicted under the section but withholds this authority in cases where a mandatory revocation of the license is appropriate under the preceding section. Section 321.209 requires revocation of the license for the more serious of-fenses it specifies.

Plaintiff argues that, because section 321.209 is the only situation expressly excluded from the authority granted in section 321.210, the commissioner must have authority to grant temporary permits where suspension has been ordered under the implied consent law. The authority granted in 321.210 is not enlarged by its limitation. It does not extend beyond the chapter in which it appears. It clearly does not extend to the implied consent law where no such authority was given the commissioner.

Affirmed.