**STATE of Iowa, Appellant,**

v.

**Richard Louis KNOUS, Appellee.**

**No. 65508.**

Supreme Court of Iowa.

Dec. 23, 1981.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and Richard N. Carlson, Asst. Story County Atty., for appellant.

Jerry L. Jones, Ames, for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The question here is whether a person arrested on an OMVUI charge has a due process right to be told that if he submits to a chemical test the results can be used against him. The trial court sustained an objection to the admissibility of breath test results in this OMVUI prosecution on the ground that defendant Richard Louis Knous was denied due process by the administering officer's failure to warn him concerning the use of the test results. Defendant was subsequently acquitted, and we granted the State's application for discretionary review of the suppression order. *See* § 814.5(2)(b), The Code. We reverse but do not remand.

After his arrest for OMVUI, defendant was taken to the Ames police station. The arresting officer then advised him of his *Miranda* rights and followed the implied consent procedures for obtaining a breath test. In accordance with section 321B.6, The Code, the officer advised defendant that a refusal to take the test would result in revocation of his driver's license. The officer did not tell defendant that if he agreed to take the test the results could be used against him in a criminal prosecution. Defendant executed the implied consent form and submitted to the test.

The test results showed a blood alcohol level of .290. Defendant did not move to suppress the test results before trial. Instead he raised the officer's failure to warn him of the consequences of taking the test by objection at trial. The trial court sustained the objection after finding the failure to warn defendant denied him procedural due process under U.S.Const. amend. XIV and Iowa Const. art. I, section 9.

Because we granted discretionary review to answer the constitutional question on its merits, we pass issues concerning the untimeliness of defendant's objection and the absence of an offer of proof by the State.

█ In adjudicating a claimed denial of procedural due process, two inquiries must be made. One is whether due process applies. If it applies, the second inquiry concerns what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972).

█ Procedural due process plainly applies in the present case. If admitted in the OMVUI prosecution, the breath test result would affect defendant's liberty interest which is protected by the constitutional provisions. Thus we must move to the next inquiry and decide what process is due. This requires a determination and weighing of the competing interests involved. *Id.*

The interests of the State are expressed in the statute: "the control of alcoholic beverages and . . . the enforcement of laws prohibiting operation of a motor vehicle while under the influence of an alcoholic beverage." § 321B.1. We have previously noted that the statute "was enacted to help reduce the appalling number of highway deaths resulting in part at least from intoxicated drivers." *State v. Wallin*, 195 N.W.2d 95, 96 (Iowa 1972). Implied consent procedures are reasonably calculated to fur-

ther this objective. *See Breithaupt v. Abram*, 352 U.S. 432, 436, 77 S.Ct. 408, 410, 1 L.Ed.2d 448, 451 n.2 (1957) ("It might be a fair assumption that a driver on the highways, in obedience to a policy of the State, would consent to have a blood test made as part of a sensible and civilized system protecting himself as well as other citizens not only from the hazards of the road due to drunken driving, but also from some use of dubious lay testimony.")

■ In giving the arrested person a right to refuse the test, the legislature obviously sought to give the person the right to make a voluntary decision. However, the arrested person's right to make the decision is not mandated by the due process, privilege against self-incrimination or right to counsel provisions of the United States Constitution. *Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1833, 16 L.Ed.2d 908, 916–17 (1966); *State v. Epperson*, 264 N.W.2d 753, 755 (Iowa), *cert. denied*, 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978).

Instead, the implied consent statute is based on the premise "that a driver impliedly agrees to submit to a test in return for the privilege of using the public highways." *State v. Hitchens*, 294 N.W.2d 686, 687 (Iowa 1980). Thus the right to refuse the test is a statutory right to withdraw consent which is deemed to exist by statutory implication. *Id.*

■ Viewed in this light, the arrested person's decision to withdraw consent by refusing the test is presumed to be an informed one. It strains credulity to suggest that a person arrested for OMVUI will not know that if he submits to a chemical test the results may be used against him at trial. *See State v. Vietor*, 261 N.W.2d 828, 830–31 (Iowa 1978). What the person may not know, and what the statute requires he be told, is the effect on his driving privilege of a refusal to take the test. *See* § 321B.6.

■ Thus we believe the arrested person's interests are sufficiently protected by a voluntariness standard like the one articulated by the Supreme Court in *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). When a person asserts the decision was not voluntary, the standard requires an examination of the totality of the circumstances to determine whether the decision was voluntary or coerced. *Id.* at 233–34, 93 S.Ct. at 2050–51, 36 L.Ed.2d at 866–67. Proof of knowledge of the right to refuse is not a prerequisite to proving the decision was voluntary. It is merely one relevant circumstance. *Id.* This is a less stringent standard than the "knowing and intelligent waiver" standard applied to constitutional rights guaranteed an accused in order to assure a fair trial. *Id.* at 236–39, 93 S.Ct. at 2051–58, 36 L.Ed.2d at 868–69. Because the State does not have to prove the accused knew of his right to refuse the test, we hold that the officers administering the test do not have a due process obligation to inform him of that right under either the Iowa or United States Constitution.

■ Although the due process issue was not involved, we reached the same conclusion regarding an accused's statutory right to counsel in *Vietor*, 261 N.W.2d at 831, and his right to an independent chemical test in *Epperson*, 264 N.W.2d at 756.

One court has reached a contrary conclusion. *See Government of Virgin Islands v. Quinones*, 301 F.Supp. 246 (D.C. Virgin Islands 1969). However that decision was made on sixth amendment rather than due process grounds. We rejected the applicability of the sixth amendment in *Vietor*, 261 N.W.2d at 830, and have no occasion to retreat from that holding here. Other courts have rejected the contention that the warning is required on constitutional grounds. *See Synnott v. State*, 515 P.2d 1154 (Okla.Ct.Crim.App.1973) (no privilege against incrimination violation); *Commonwealth v. Rutan*, 229 Pa.Super. 400, 323 A.2d 730 (1974) (no fourth or fifth amendment violation).

We find that the trial court erred in sustaining defendant's objection to the breath test evidence. Because he has been acquitted, we reverse but do not remand.

REVERSED.