**Kevin Ray McDOWELL, Plaintiff-Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Defendant-Appellee.**

No. 83–1064.

Court of Appeals of Iowa.

Sept. 6, 1984.

evidence to support the finding that he refused to submit to a chemical test. We affirm.

On May 3, 1981, Kevin Ray McDowell was arrested for OMVUI. A police officer invoked the implied consent law, requesting a breath test and advising McDowell that failure to submit to a chemical test would result in revocation of his license or privilege to drive. Plaintiff refused to submit to the test. Subsequent to the implied consent procedure, he informed the police officer that he was diabetic.

The department commenced license revocation proceedings against the plaintiff. At a hearing on the revocation, the plaintiff testified that he was suffering from an insulin reaction when he was stopped by the police officer and could not remember refusing to take the breath test. He further testified that his other insulin reactions had symptoms similar to intoxication symptoms. A hearing officer determined that there was insufficient evidence that the plaintiff "was not in his right mind at the time the implied consent procedure was administered."

The plaintiff filed a petition for judicial review of the department's decision. The trial court subsequently affirmed the department's decision, finding the record was sufficient to support the revocation. The plaintiff appealed.

Barry S. Kaplan of Fairall, Fairall, Kaplan & Condon, Marshalltown, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., and Richard Mull, Asst. Atty. Gen., for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

**DONIELSON, Judge.**

Plaintiff appeals from the decision of the district court affirming the Department of Transportation's revocation of his driver's license for refusal to submit to chemical testing as required by the implied consent statute. He claims there was insufficient

■ Pursuant to Iowa Code section 321B.27, judicial review of the Department of Transportation's decision "may be sought in accordance with the terms of the Iowa Administrative Procedure Act." Thus, our review of the agency's decision is governed by the "substantial evidence" rule of section 17A.19(8)(f). In accordance with this rule, we determine whether the agency decision is supported by substantial evidence in the record when that record is viewed as a whole. *McCrea v. Iowa Dep't. of Transportation*, 336 N.W.2d 427, 429 (Iowa 1983). The burden is on the plaintiff to demonstrate compliance with all lawful requirements for the retention of the license. *Id.;* Iowa Code § 17A.18(3) (1983).

McDowell's principal argument on appeal is that a person suffering from an insulin reaction lacks the mental capacity to withdraw consent to take a chemical test for blood alcohol level. Therefore, he should not have his license revoked for refusing to take a chemical test during the implied consent procedure. We find this argument to be without merit.

■ The implied consent statute is based on the premise "that a driver impliedly agrees to submit to a test in return for the privilege of using the public highways." *State v. Hitchens*, 294 N.W.2d 686, 687 (Iowa 1980). The right to refuse is deemed to exist by statutory implication and the arrested person's decision is presumed to be an informed one. *State v. Knous*, 313 N.W.2d 510, 512 (Iowa 1981). In *Buda v. Fulton*, the supreme court specifically rejected lack of understanding as an available defense in a license revocation proceeding. 261 Iowa 981, 990, 157 N.W.2d 336, 341 (1968). The court reasoned that to hold otherwise "would, in effect, serve to defeat the self-evident intent, purpose and policy of chapter 321B, Code of Iowa." *Id.* The court further elaborated on this point in *Janssen v. Sellers*, 207 N.W.2d 746, 747 (Iowa 1973):

> It would be folly to excuse a refusal to comply with the implied consent law on the basis of the driver's own confusion. Such a defense would become increasingly available in direct proportion to his degree of intoxication. Such was not the intent of the legislature.

■ Plaintiff argues that confusion resulting from an insulin reaction should be treated differently than confusion resulting from intoxication. We cannot agree. Although the Supreme Court of Iowa has not addressed this precise issue, other jurisdictions have considered similar claims. In *In re Knust*, the Supreme Court of South Dakota held that a trial court should limit its inquiry to whether there was a refusal to take a chemical test. 288 N.W.2d 776, 777 (S.D.1980). In other words, a court should not consider whether mitigating circumstances such as an insulin reaction are

proper reasons for refusal. *Id.* In reaching this conclusion, the court stated:

> if [petitioner] was under the influence of an insulin-induced state rather than alcohol, that, of course, would be a defense to a criminal charge of DWI. It was not, however, a proper reason for refusing the requested test. If there is probable cause to arrest for DWI, our law makes no provision for any refusal, reasonable or otherwise.

*Id.* at 777–78. Likewise, Iowa Code chapter 321B makes no exception for reasonable refusals to consent to a chemical test. Rather, section 321B.13 provides that a person's license shall be revoked if there were reasonable grounds to believe the individual was driving while intoxicated or drugged, the specified conditions existed for chemical testing pursuant to section 321B.4, and the person refused to submit to chemical testing. In essence, once these conditions are met, revocation is statutorily mandated.

As the district court indicated, nothing in the Code provides that a diabetic or other person under medical attention is exempt from the provisions of chapter 321B. Section 321B.11 sets forth a procedure to be followed when a person is dead, unconscious or "otherwise in a condition rendering him incapable of consent or refusal." In such circumstances, the person is deemed not to have withdrawn consent and chemical testing may be given "provided that a licensed physician shall certify, in advance of such test that such person is dead, unconscious or otherwise in a condition rendering him incapable of consent or refusal." Iowa Code § 321B.11 (1983). Plaintiff argues that this procedure should have been followed in the instant case. We disagree. The statutory provision is inapplicable since McDowell was entirely capable of consent or refusal, as evidenced by his verbal refusal to submit to the test. For purposes of section 321B.11, it is this external manifestation of unwillingness that is relevant, not the plaintiff's state of mind at the time he refused. Accordingly, we reject plaintiff's argument.

Since the statutory conditions for revocation were met and supported by substantial evidence in the record, we conclude that plaintiff's license was properly revoked. The district court's decision is affirmed in all respects.

AFFIRMED.