In the Matter of Kirk MATHIS, Thomas Shipman, Wayne Buchholtz, Debra Coates, Eric Haakenson, Randy Ingball, Vicky Keener, Ted Koester, Mark Lemmons, Michael Macke, Carroll Miller, Roger Thompson, Rochelle Aneweer, J.O. Bright, Lori Cota, Janet Curtis, Jim Hanse, Jim Humberg, Floyd Jackson, Sarah Leachman, James Magirl, George A. McLain, Merle Miller, Mark Plymale, Bernard Peterson, Dennis Shackelford, and Patrice Vanderwaal, Appellees,

v.

STATE CONSERVATION
COMMISSION,
Appellant.

No. 84–1151.

Supreme Court of Iowa.

June 19, 1985.

Thomas J. Miller, Atty. Gen., and Steven G. Norby, Asst. Atty. Gen., for appellant.

Charles E. Gribble of Sayre & Gribble, P.C., Des Moines, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

The State Conservation Commission appeals from the district court decision on judicial review reversing its agency action. In their petition for judicial review twenty-seven park attendants challenge the agency action of the Commission, purporting to act pursuant to Iowa Code section 107.15 (1983), revoking their appointments under Iowa Code section 107.13 (1983) as twelve-month officers. At the same time the Commission appointed them as temporary six-month officers under Iowa Code section 107.14 (1983). The appointment of these employees as officers provides them the same powers that are conferred by law on peace officers. The Commission decided to revoke the twelve-month appointments and substitute temporary appointments in an effort to de-emphasize the law enforcement component of the park attendant job. The employees claim that the agency action was illegal and without reasonable cause, pointing out that the agency action caused them to lose the additional retirement benefits accorded a full-time officer under Iowa Code section 97B.49(7) (1983).

On judicial review the district court ruled against the Commission and restored the attendants to full-time officer status. The Commission appeals claiming that the court erred (1) in holding that the action of the Commission in revoking the full-time appointments was unreasonable, arbitrary and capricious and lacked a rational basis; and (2) in concluding that the Commission acted unlawfully in appointing active full-time employees as temporary officers for a six-month period. Because we agree with the Commission, we reverse the district court.

The merit system job description of the Commission employees involved in this appeal is entitled "park attendant." This job description is defined as follows: "Under immediate supervision, performs unskilled to semi-skilled tasks required in the maintenance of parks and park facilities in the state; performs related work as required." Illustrative examples of work performed include performing repair work, cutting grass, plowing snow, picking up refuse, planting trees and flowers, assisting in registering campers and lodgers, and assisting in supervision of seasonal employees. The job requires knowledge of the operation of manual tools and equipment, the ability to withstand manual labor and the ability to establish effective working relationships with others. The minimum educational experience requirement is an 8th grade diploma or equivalent combination of education and experience, and in some positions a driver's license is required.

In 1979 the Commission sent the park attendants to a three-week course at the Iowa Law Enforcement Academy. In addition to their regular duties as park attendants, these employees were sworn in and appointed as officers pursuant to section 107.13. Their salary was not increased; however, their retirement benfits were increased above those of other employees because of their officer status.

The Commission annually reappointed the park attendants as officers until September 1983 when the Commission terminated all prior appointments of park attendants pursuant to section 107.15. The Commission then appointed the attendants as temporary officers pursuant to section 107.14. Because the attendants were spending only approximately 5 percent of their time in law enforcement, the Commis-

sion decided to de-emphasize the law enforcement component of the park attendant job. It is undisputed that the change in the park attendants' officer status was not due to unsatisfactory performance or the cost of providing the retirement benefits pursuant to subsection 97B.49(7). The park attendants were willing to obey any directive of the Commission to reduce the time spent on law enforcement without a change in appointment status, law enforcement power or retirement benefits. The parties concede this action does not affect the employees' merit status, salary or full-time employment; the employees challenge the agency action because it reduces their retirement benefits.

■ The action of the Commission revoking the full-time officer status of the park attendants and replacing it with part-time status was a final "agency action" and is subject to review. *See Polk County v. Iowa State Appeal Board,* 330 N.W.2d 267, 277 (Iowa 1983). The scope of review by the courts is established in Iowa Code sections 17A.19 and 17A.20 (1983). The district court in judicial review proceedings may grant relief from the agency action upon grounds specified in subsection 17A.19(8), and it functions in an appellate capacity to correct errors of law. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 164–65 (Iowa 1982). Our duty is to correct errors of law made by the district court. *Id.* at 165.

I. *Unreasonable, arbitrary or capricious action.* Subsection 17A.19(8)(g) authorizes the district court to grant relief from an agency action when it is "unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." The district court reversed the Commission, concluding that the Commission's action revoking the employees' appointment under section 107.13 fell within the prohibition of subsection 17A.19(8)(g).

The administrative director of the Commission has been given the authority to appoint the number of officers "that are necessary to enforce the laws and rules and regulations, the enforcement of which are imposed on the commission." § 107.13. The appointees "may be removed by the said director at any time subject to the approval of the commission." § 107.15. No requirement of just cause for removal of the appointee is provided in either the section authorizing appointment or the section authorizing removal. Any right to continued employment under the merit system is not in issue since the park attendants were not removed from their merit employment.

■ The park attendants had the burden to establish that the agency action was arbitrary, capricious or unreasonable. We defined these terms in *Churchill Truck Lines, Inc. v. Transportation Regulation Board,* 274 N.W.2d 295, 299–300 (Iowa 1979), when we stated:

> The terms "arbitrary" and "capricious," when applied to test the propriety of agency action are practically synonymous and mean that the action complained of was without regard to established rules or standards . . . or without consideration of the facts of the case. "Unreasonable" has been said to mean action in the face of evidence as to which there is no room for difference of opinion among reasonable minds.

(Citations omitted.)

■ Our review of the record does not indicate that the Commission has been shown to have acted unreasonably, arbitrarily, or capriciously. We cannot say that the Commission's action was without regard to established rules or standards or taken in the face of evidence about which reasonable minds could not differ. The Commission wanted to de-emphasize the law enforcement duties of their park attendants. The decision of the Commission was not unreasonable or arbitrary simply because other alternative courses of action could have been taken. The director and the Commission informed the appointees that they were considering the action they eventually took, allowed the appointees to present their views to the Commission, and then acted. This action was not unreason-

able when the attendants were spending a very limited amount of time in law enforcement activities and the balance of their job duties did not require a section 107.13 officer appointment.

II. *Action in violation of statute or in excess of agency's authority.* The district court also held that the Commission violated section 107.14, exceeding its statutory authority by appointing full-time Conservation Commission employees as temporary officers. The district court concluded that the Commission may utilize section 107.14 to obtain temporary employees, but this section may not be used to temporarily appoint as officers active full-time employees whose employment the agency admits has and will exceed six months. We do not believe that this provision allowing the appointment of temporary officers requires the Commission to hire new employees from outside the Commission.

The pertinent portion of section 107.14 states: "The commission may appoint temporary officers for a period not to exceed six months.... The provisions of chapter 80B shall not apply to the temporary officers." Initially, we note that section 107.14 refers to the appointment of temporary officers, not employees. Section 107.13 defines officer as "any person appointed by the state conservation commission to enforce the laws of this state under the jurisdiction of the commission."

The Commission has interpreted these statutes to give it authority to appoint both full-time and part-time officers from the ranks of its park attendant employees without granting additional compensation or changing their basic function of park maintenance. Upon appointment they provide assistance to and work under the supervision of the park rangers in law enforcement duties; however, as indicated previously, this involves no more than five percent of their time. The park attendants have no quarrel with the Commission's interpretation of these statutes regarding full-time appointment, but urge that the purpose of section 107.14 is to allow the Commission to obtain temporary assistance

during the busy times, such as the summer season, from persons who may not meet the physical and mental requirements for becoming full-time officers. They maintain the trial court correctly concluded that section 107.14 cannot be used to appoint continuous, long-term, fully-trained employees as temporary officers.

■ The Commission has adopted the practice of appointing officers, as defined in section 107.13, from the ranks of its full-time employees without changing the employees' basic duties or salary. We give weight to an administrative interpretation of a statute. Iowa Code § 4.6(6) (1983). The statutory definition of "officer" does not specify any full-time duties, provide a separate salary, or limit appointees to a certain job classification. *See* § 107.13. Consequently, we agree with the Commission's view that appointment of officers from the ranks of its full-time employees is proper.

■ We also conclude there is no impediment against the Commission's latest action appointing temporary officers pursuant to section 107.14 from the ranks of the Commission's full-time employees. Obviously, the Commission interpreted section 107.14 to authorize its action; again we give deference to its interpretation of the statute. Temporary appointment does not affect the employees' merit status, change their salary or alter their retirement benefits as Commission employees. The purpose of section 107.14 is to allow the Commission to obtain temporary assistance in law enforcement during times of need. The statute contains no indication of legislative intent that temporary law enforcement assistance must come from persons who are not already full-time employees. The Commission, in its desire to downplay its park attendants' law enforcement duties, exercised its discretion to bring the park attendants' status in line with their actual duties and function, appointing them to the part-time status of temporary officers pursuant to section 107.14. We determine that the Commission's action was not

in violation of the statute and was a proper exercise of its discretion in governing the agency's work force.

■ The district court concluded that temporary appointment would exclude these employees from the retirement benefits of Iowa Code chapter 97B (IPERS); thus, temporary appointment was illegal when done to avoid contribution or obligation under chapter 97B. The district court relied upon the definition of "employee" stated in section 97B.41(3)(b), excluding an employee hired for temporary employment of six months or less from eligibility for benefits under IPERS. This reliance was misplaced. Section 107.14 refers to temporary "officers," not employees, and authorizes the "appointment" of temporary officers rather than the employment of temporary officers. Section 107.13 provides the director with the authority to *"employ ... assistants"* and *"appoint ...* officers."* (Emphasis added.) The appointment of officers is distinct from the employment of the Commission employees. We cannot agree with the conclusion of the district court that the full-time employment status of the park attendants was terminated by their temporary appointment as officers, resulting in a loss of coverage under IPERS. As we noted previously, the enhanced retirement benefits provided for peace officers in chapter 80B are not available to temporary appointees; however, their regular IPERS benefits are not affected.

In summary, we find that the Commission's action appointing park attendants as temporary officers was neither in violation of statute nor in excess of the statutory authority of the agency. We conclude that temporary appointment was within the authority of the Commission; the Commission did not abuse its discretion when it appointed park attendants as temporary officers.

We hold that the petition for judicial review should have been dismissed.

REVERSED.