**STATE of Iowa, Plaintiff–Appellee,**

v.

**Shawn McQUILLEN,
Defendant–Appellant.**

No. 87–96.

Court of Appeals of Iowa.

Jan. 27, 1988.

Robert Shimanek and Emil Trott, Jr. of Barrett & Trott, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark Hunacek, Asst. Atty. Gen., Connie Sue Ricklefs, Co. Atty., and Mike Wallace, Asst. Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Defendant appeals from his conviction, after a jury trial, for OWI in violation of Iowa Code section 321.281(1)(a) (1985), and two counts of involuntary manslaughter, in violation of section 707.5(1) (1985). We affirm.

Defendant Shawn McQuillen was involved in an automobile accident on May 26, 1986. The accident resulted in the deaths of LaVerne Grohman and Lori Grohman. Defendant had broken bones and a concussion from the accident. While he was in the hospital defendant was asked to sign a consent form, which he did, and police officers got a sample of defendant's blood. Defendant was found to have a blood alcohol content of 0.121 grams percent. Defendant was charged with operating a motor vehicle while under the influence of an alcoholic beverage (OWI), in violation of Iowa Code section 321.281(1)(a), and two counts of involuntary manslaughter, in violation of section 707.5(1). Following a jury trial, defendant was found guilty of the crimes charged. Defendant filed a motion for new trial and motion in arrest of judgment, both of which were overruled by the trial court. Defendant was sentenced

to thirty days in the county jail and fined $750 for the OWI charge. He was sentenced to a term of imprisonment not to exceed five years on each of the manslaughter charges, to run concurrently. Defendant now appeals.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4.

■ I. Defendant objected to the trial court's proposed instructions on the grounds they failed to include recklessness as a necessary element of manslaughter. The trial court overruled his objections and required the State to prove two elements: 1) commission of a public offense, OWI, and 2) death unintentionally caused by the commission of a public offense. On appeal, defendant asked that *State v. Wullner*, 401 N.W.2d 214 (Iowa App.1986) be overruled. *Wullner* held that recklessness is not a required element of manslaughter under section 707.5(1), and as such, the trial courts need not submit an instruction on recklessness in such cases. *Id.* at 217.

Based on stare decisis, we decline to overrule our prior case law. Because drunk driving is itself a reckless act, it would be "patently absurd and generally redundant" to require the State to prove recklessness in such cases. *Id.* We do not find the trial court erred in denying a separate instruction on recklessness. The underlying public offense in itself, OWI, constitutes reckless behavior.

■ II. During the trial defendant objected to State's exhibit 8, which was a photograph of the scene of the collision, including the two vehicles. He objected because the identifying witness was not able to say whether it accurately represented the location of the vehicles. On appeal, defendant challenges the admission of State's exhibit 8.

The identifying witness testified as follows regarding the exhibit:

> Yeah, it's as I remember it. However, it almost looks like the vehicles had been pulled apart a little bit. I remember them being closer together, although that is pretty much the position they were in.

Trial courts have much discretion in admitting exhibits. *Schuller v. Hy–Vee Food Stores, Inc.*, 328 N.W.2d 328, 331 (Iowa 1982). We find no abuse of discretion occurred. The trial court's decision was not clearly erroneous. *State v. Cain*, 400 N.W. 2d 582, 585 (Iowa 1987).

■ III. Before the trial defendant moved to suppress the results of the blood test on the ground that he was incapable of giving knowing and voluntary consent. He argued that the State should have used the procedure under section 321B.11, involving certification by a licensed physician. The trial court denied defendant's motion to suppress. Defendant appeals based on the trial court's ruling in this regard.

Iowa Code section 321B.11 governs the testing of people who are "dead, unconscious, or otherwise in a condition rendering that person incapable of consent or refusal." As analyzed by the supreme court in *Mary v. Department of Transportation*, 382 N.W.2d 128 (Iowa 1986), that statute applies "only when the person is in such a condition that the person is incapable of manifesting a choice" to take the test. *Id.* at 132. Confusion does not constitute a refusal to take the test. *Id.* at 133. The State argues this section was not complied with because it is inapplicable under the circumstances of this case.

The blood test in this case was taken pursuant to Iowa Code section 321B.16, authorizing chemical testing upon consent. This consent is presumed to be an informed one. *State v. Knous*, 313 N.W.2d 510, 512 (Iowa 1981).

The trial court determined that consent was voluntary. Evidence adduced at the suppression hearing and at trial support this conclusion. One of the requirements of Iowa Code section 321B.11 is that a licensed physician shall certify that such person is incapable of rendering consent. Dr. First, who treated defendant at the hospital, wrote in his medical report that "Patient is stable, alert, oriented...." Dr. First also testified defendant's grogginess may have been caused from the alcohol as compared to the accident and further stated defendant's answers to questions "were

all appropriate except when we started talking about the accident." We find the trial court did not err in admitting the results of the chemical testing.

We affirm the conviction.

AFFIRMED.