# IN THE COURT OF APPEALS OF IOWA

No. 16-0495
Filed February 8, 2017

**ALFONZO PENNY,**
        Petitioner-Appellant,

**vs.**

**WHIRLPOOL,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Patrick R. Grady,
Judge.

        Alfonzo Penny appeals the district court's ruling on judicial review, which
affirmed the Iowa Workers' Compensation Commission's denial of his request for
alternate medical care.  **AFFIRMED.**

        William Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

        Steven T. Durick and Joseph M. Barron of Peddicord, Wharton, Spencer,
Hook, Barron & Wegman, L.L.P., West Des Moines, for appellee.

        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Alfonzo Penny appeals the district court's ruling on judicial review, which affirmed the Iowa Workers' Compensation Commission's denial of his request for alternate medical care.

## I.    Background Facts and Proceedings

Penny worked for Whirlpool when he suffered a work-related injury on April 1, 2015.  Beginning the next day, Penny received treatment for his injury from Dr. Peter Matos, a Whirlpool-authorized physician.  Dr. Matos later referred Penny to Dr. Chad Abernathey, a neurosurgeon, after an MRI revealed a disc contusion and annular tear that contacted portions of a nerve root. Dr. Abernathey did not believe surgery was a good option at that time, favoring conservative treatment and allowing time for the injury to heal.

Despite receiving treatment, Penny's pain continued to persist in May 2015.  Drs. Matos and Abernathey discussed Penny's condition and determined Penny should undergo additional testing to determine his radicular symptoms while receiving pain management from a pain clinic.  Whirlpool made the necessary appointments and arranged transportation for Penny, but Penny failed to attend the appointments under the belief that Whirlpool did not consider his back injury to be work-related.

On June 2, 2015, Penny filed a petition for alternate medical care with the Iowa Workers' Compensation Commission, seeking transfer of care to Dr. Darin Smith, a neurosurgeon.  The commission denied his petition following a June 12 evidentiary hearing, finding: "Whirlpool has authorized treatment with two physicians, one a neurosurgeon.  They have authorized an MRI, physical

therapy, and acupuncture. They also authorized EMG/NCS and for claimant to treat at a pain clinic. Given this record, I cannot find the care offered by defendant is unreasonable." The commission denied Penny's request for rehearing.

Penny filed a petition for judicial review. The district court denied the petition, finding "no error in the agency's ultimate conclusion." Penny appeals.

## II. Record on Appeal

Penny complains the district court considered evidence and matters outside the record. Although Penny's petition concerned only the denial of his June 2, 2015 petition for alternate medical care, Penny asserts the district court considered evidence regarding a second petition for alternate medical care he filed in July 2015.

"In judicial review of a contested case proceeding the district court is limited to the record made before the agency." *Mary v. Iowa Dep't of Transp.*, 382 N.W.2d 128, 131 (Iowa 1986). Matters that arise in another hearing or case are not to be considered. *See id.* Because we correct errors of law made by the district court, we will review the agency action solely on the record of the June 2, 2015 petition for alternate medical care. *See id.*

## III. Analysis

Judicial review of agency action is governed by Iowa Code chapter 17A (2015), which provides the district court the ability to review agency action in an appellate capacity. *See Neal v. Annette Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). The court may affirm the agency's action or, if it determines the substantial rights of the person seeking judicial review have been prejudiced, it

may grant such relief as is appropriate. *See* Iowa Code § 17A.19(10). Section 17A.19(10)(a) through (n) provides the grounds on which relief may be granted from agency action; the standard of review to be applied is governed by the ground alleged. *See Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010).

Penny sought alternate care under Iowa Code section 85.27(4), which was enacted to balance the interests of injured employees against the interests of their employers. *See Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 770–71 (Iowa 2016). It requires an employer who concedes the compensability of an employee's work injury to pay for that employee's medical care, and in return, it grants the employer the power to decide which medical professionals are best suited to diagnose and treat the injury. *See id.* at 171. However, section 85.27(4) in no way restricts the care that an injured employee receives for that injury; the employee may still obtain unauthorized care, and if the employee can show the medical care was necessary and reasonable, the employer must reimburse the employee for the cost of that care. *See id.* Additionally, it allows an injured employee to seek authorization from the workers' compensation commissioner to receive alternate care at the employer's expense. *See id.*

Penny alleges the denial of his petition for alternate care was based on the commission's erroneous legal interpretation of section 85.27(4), *see* Iowa Code § 17A.19(10)(c), was inconsistent with the commission's prior precedent, *see id.* § 17A.19(10)(h), and was based on a determination of fact that is not supported by substantial record evidence, *see id.* § 17A.19(10)(f). Penny's

arguments on each ground are premised on the same claim—that Whirlpool or its workers' compensation carrier not only directed his treatment by determining which providers he was authorized to receive treatment from but also by directing the specific medical treatments those authorized providers could furnish.

The district court disagreed with Penny's claims, finding "no indication" Whirlpool or its workers' compensation carrier made any medical decisions regarding Penny's treatment. Rather, the court determined that substantial evidence showed Drs. Matos and Abernathey made Penny's treatment decisions and the workers' compensation carrier's only involvement was to follow up with the providers regarding payment. The record indicates that after Drs. Matos and Abernathey determined Penny should undergo additional testing and receive pain management treatment, Whirlpool made the necessary appointments and transportation arrangements. Penny failed to attend the appointments. He has likewise failed to show the treatment Whirlpool authorized was unreasonable to treat his injury.

After reviewing Penny's claims and the record properly before us, we agree Penny has failed to show the commission's decision was based on an erroneous legal interpretation, was inconsistent with its prior precedent, or was based on a determination of fact that is not supported by substantial record evidence. Having reached the same conclusion as the district court, we affirm the ruling denying Penny's petition for judicial review. *See Neal*, 814 N.W.2d at 518.

**AFFIRMED.**