JOHN DEERE WATERLOO TRACTOR WORKS of DEERE & COMPANY, appellant, v. WILLIAM H. DERIFIELD et al., appellees.

No. 50335.

(Reported in 110 N.W.2d 560)

SEPTEMBER 19, 1961.

Pike, Hoxie, Butler & Teske, of Waterloo, for appellant.

Robertson & Robertson, of LaPorte City, for appellees William H. Derifield, James L. Robertson and L. J. Robertson.

Norman A. Erbe, Attorney General, and George E. Wright, Assistant Attorney General, for appellee Earl R. Jones, Industrial Commissioner.

OLIVER, J.—This is a suit for a declaratory judgment, praying that the third paragraph of section 86.21, Code of Iowa, 1958, be interpreted as limiting the taking of depositions in workmen's compensation proceedings to witnesses who live within one hundred miles of the place of hearing.

The facts are not in dispute. Defendant William H. Derifield, now a resident of the state of Washington, filed with the industrial commissioner of Iowa, a petition for arbitration of his claim against plaintiff, John Deere Waterloo Tractor Works, of Deere & Company, for occupational disease compensation under the Workmen's Compensation law, on account of a disease which he alleged was contracted and arose out of and within the scope of his employment with plaintiff at Waterloo, Iowa. Defendants Robertson, attorneys for Derifield, gave notice claimant would take the deposition of Albert R. Allen, M. D., of Selah, Washington, on written interrogatories before a certain notary public at that place. It is agreed Doctor Allen's testimony is desired to show claimant's physical condition or is testimony relating to the cause of his alleged disease.

Thereafter plaintiff instituted this suit for a declaratory judgment adjudging that the applicable statutory provision, viz: the third paragraph of section 86.21, Code of Iowa, 1958, limits the taking of such depositions to "those witnesses who may live within one hundred miles of the place of hearing." The trial court adjudged this paragraph should not be interpreted as a limitation on the previously existing statutory right to take depositions of such witnesses in workmen's compensation proceedings who do not live within one hundred miles of the place of hearing. Accordingly the court dismissed plaintiff's petition and dissolved a temporary injunction which had restrained the taking of the deposition. Plaintiff has appealed. The question is the right to take such deposition, not the right to use it as evidence. We affirm the judgment of the trial court.

I.   The Workmen's Compensation Act was enacted in 1913. It did not then provide for depositions. In 1917 it was amended by chapter 409, Acts of the Thirty-seventh General Assembly, to authorize the taking and use of depositions in hearings before boards of arbitration in workmen's compensation proceedings, in the manner provided for depositions in the district court. With some modifications not here important this amendment became section 1444, Codes of Iowa, 1924 and 1927.

Section 1444 of the 1927 Code was amended in 1931 by chapter 24, Acts of the Forty-fourth General Assembly, by the insertion of a new paragraph between the then second and third paragraphs thereof. We will refer to this added paragraph as the third paragraph. This Code section, with minor modifications, has since been in effect and is now section 86.21, Code of Iowa, 1958, which reads as follows:

"The deposition of any witness may be taken and used as evidence in any hearing pending before a board of arbitration or the industrial commissioner or one of his deputies in compensation proceedings.

"Such depositions shall be taken in the same manner as provided for the taking of depositions for use in the district court, and when so taken shall be admissible in evidence in such hearings in the same manner, subject to the same rules governing the admission of evidence as in the district court.

"Either party upon written notice, may elect to take the deposition of a witness, who may live within one hundred miles of the place of hearing, if the testimony of such witness· is desired to show the physical condition of the injured party or testimony relating to the cause of injury.

"Application for a commission to take depositions in such case shall be filed in the office of the clerk of the district court of the county wherein the injury occurred."

II. The third paragraph of Code section 86.21, states: "Either party * * * *may* elect to take the deposition of a witness, who *may* live within one hundred miles of the place of hearing * * *." (Italics supplied.) The verb "may" appears in two places in this part of the sentence. The verb "may" usually is employed as implying permissive or discretional rather than mandatory action or conduct. It imports a grant of opportunity or power and is never properly used in a denial, a restriction or a limitation, except in connection with the word "not". 57 C. J. S. 457, 458. A mandatory construction will not be given it unless it plainly appears the legislative intent was to impose a duty and not merely a privilege or discretionary power and where third persons have a claim de jure to have the power exercised. Wolf v. Lutheran Mutual Life Ins. Co., 236 Iowa 334, 340, 341, 18 N.W.2d 804; ·State v. Machovec, 236 Iowa 377, 17 N.W.2d 843; State ex rel. Wright v. State Board of Health, 233 Iowa 872, 10 N.W.2d 561, 562, 563; Bechtel v. Board of Supervisors, 217 Iowa 251, 251 N.W. 633; The Equitable Life Ins. Co. v. Gleason, 56 Iowa 47, 8 N.W. 790.

Obviously, the first "may" in the third paragraph should be interpreted as having its ordinary permissive and discretionary force. It is clear, the language a "party may elect to take the deposition" does not mean he must or shall do so. If the second "may" be given its ordinary permissive meaning, the clause, "who may live within one hundred miles", fixes the permissive place where the witness may live. But appellant's interpretation of the second "may" would give it a mandatory meaning, such as "must", which would make the clause read, "*may* elect to take the deposition of a witness who *must* live

within one hundred miles of the place of hearing." This interpretation would effect a limitation or restriction of the power to take such deposition, contrary to the ordinary permissive or discretional meaning of the verb "may" and contrary to the basic rule that inaccessibility of the place of trial to a witness is a reason for, not a bar to, the taking of his deposition.

III. When the paragraph here in question was enacted section 11323, Code of 1927 (section 622.66, Code of 1958) provided:

"Witnesses in civil cases cannot be compelled to attend the district or superior court out of the state where they are served, nor at a distance of more than one hundred miles from the place of their residence, or from that where they are served with a subpoena, unless within the same county."

Section 11358, Code of 1927, provided in part:

"After the commencement of a civil action or other proceeding, if the witness is, or is about to go, beyond the reach of a subpoena, or is for any other cause expected to be unable to attend court at the time of trial, the party wishing his testimony may take his deposition in writing * * *."

The one hundred miles referred to in section 11323, Code of 1927, is "the reach of a subpoena" mentioned in section 11358, Code of 1927. A distance of *more than one hundred miles,* in itself, made the taking of the deposition of the witness permissible. However, a distance of *not more than one hundred miles* did not, in itself, empower a party to take the deposition of such witness. In the latter situation section 11358, Code of 1927, required also that the witness was about to go beyond the reach of a subpoena or was, from any other cause, expected to be unable to attend court at the time of trial. Therefore, prior to the 1931 amendment, which inserted the third paragraph in section 1444, Code of 1927, the statutes limited the right of a party to take the deposition of a witness who did not live more than one hundred miles from the place of the trial. The effect of the amendment was to remove this limitation as to witnesses in workmen's compensation proceedings whose testimony "is desired to show the physical condition of the injured party or testimony relating to the cause of injury." This accords with

the trend in this state and elsewhere which is to liberalize the permissive taking of depositions of witnesses.

We hold the language of the statute does not warrant the interpretation asked by appellant.—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.