Steven Glenn **LENNING**, Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.**

No. 84–811.

Supreme Court of Iowa.

May 22, 1985.

Frank L. Fowler of Emmit J. George Law Offices, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Merrell M. Peters and Mark Hunacek, Asst. Attys. Gen., for appellee.

Considered by UHLENHOPP, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

CARTER, Justice.

Petitioner Steven Glenn Lenning appeals from district court order upholding the action of the department of transportation refusing to issue him a temporary restricted license during a period of license revocation. The primary issue presented concerns the validity of an administrative rule making persons with prior license revocations based upon OWI convictions ineligible for work permits during the period of a subsequent revocation.

Petitioner's license for motor vehicle operation in this state was summarily revoked pursuant to Iowa Code section 321B.16 (1983) on March 11, 1983. The basis for such revocation was a chemical test, administered following petitioner's arrest for operating a motor vehicle under the influence of an alcoholic beverage. That test revealed an alcohol concentration in his blood of .10 of one percent.

Petitioner requested and was granted an administrative hearing as permitted by Iowa Code section 321B.26 (1983) in which he challenged the accuracy of the chemical test results and, in the alternative, requested a temporary restricted license for use during the period of his license revocation. Following this hearing, the department of transportation upheld the revocation of petitioner's license and also denied his request for a temporary restricted license. Petitioner thereafter sought judicial review of the agency action limiting his claim to the issue involving denial of a temporary restricted license.

In connection with the issue of petitioner's entitlement to a temporary restricted license, the department of transportation has conceded that the denial of such permit was based exclusively on the agency's application of an administrative rule which provides that, in connection with a revocation based on chemical test results, a temporary restricted license "shall not be issued to any person who ... [h]as previously had a revocation for a violation of Iowa Code section 321.281." 820 Iowa Admin. Code (07,C) 11.3(4). Petitioner's license had been revoked for 120 days in 1977 for a violation of Iowa Code section 321.281, and the agency based its denial of his present application on this circumstance.

Petitioner challenges the validity of the rule which the agency applied to deny his application on several grounds, each of which was rejected by the district court. We review the legal sufficiency of these challenges on this appeal, and, because our conclusions are in accord with those of the district court, affirm that court's determination.

I. *Extent of Agency Discretion in Issuing a Temporary Restricted License.*

Petitioner's first contention on appeal is that the agency's discretion in deciding applications for temporary restricted licenses under section 321B.16 is limited to its consideration of the applicant's showing of

need. He contends that, if need is established based upon the applicant's occupational, medical, or education requirements, the issuance of the restricted license becomes mandatory. We disagree with petitioner's proffered interpretation of the statute.

■ Section 321B.16 of the 1983 Iowa Code provides:

Upon certification by the peace officer that there existed reasonable grounds to believe the person to have been operating a motor vehicle in violation of section 321.281 and that the person submitted to chemical testing and the test results indicate ten hundredths or more of one percent by weight of alcohol in the person's blood, the department shall revoke the person's license or permit to drive or nonresident operating privilege for a period of one hundred twenty days if the person has no revocation within the previous six years under section 321.209, subsection 2, section 321.281 or this chapter, two hundred forty days if the person has one previous revocation under those provisions, and one year if the person has two or more revocations under those provisions arising from separate occurrences.

The effective date of the revocation shall be twenty days after the department has mailed notice of revocation to the person by certified mail or, on behalf of the department, a peace officer offering a chemical test or directing the administration of a chemical test may serve immediate notice of intention to revoke and of revocation on a person when the person's test results indicate ten hundredths or more of one percent by weight of alcohol in the blood.

If the peace officer serves that immediate notice, the peace officer shall take the Iowa license or permit of the driver, if any, and issue a temporary license valid only for twenty days. The peace officer shall immediately send the person's driver's license to the department along with an affidavit stating that the test results indicate ten hundredths of one percent or more by weight of alcohol in the person's blood.

The department may, on application, issue a temporary restricted license to a person whose license has been revoked under this section when the person's regular employment includes the operation of a motor vehicle or who cannot perform his or her regular occupation without the use of a motor vehicle, or when the person's use of a motor vehicle is necessary to attend evaluation, treatment or educational services for alcohol or drug dependency, but the person shall not operate a vehicle for pleasure while holding a restricted license. However, this paragraph does not apply to a person whose license is suspended or revoked for another reason.

The word "may" usually is employed as implying permissive or discretionary rather than mandatory action or conduct. *John Deere Waterloo Tractor Works v. Derifield,* 252 Iowa 1389, 1392, 110 N.W.2d 560, 562 (1961). In the present statute, the juxtaposition of the word "may" in the first line of the final paragraph with the provisions which follow suggests that, if an applicant meets the need criteria which are specified, then, but only then, may the agency exercise its discretion in determining whether a restricted license may be granted. It remains, however, within the discretion of the agency whether a particular applicant whose need has been established shall be granted a temporary restricted license.

■ The criteria adopted in the challenged agency rule do not appear to be an irrational basis for denial of a temporary restricted license. These criteria foster both protection of the public and deterrence to the offender, each of which is consistent with the responsibilities imposed upon the agency by law.[1] As stated in *Doe v. Edgar,* 721 F.2d 619, 623 (7th Cir.1983):

1. Iowa Code section 307.10(5) (1983) provides that the department of transportation shall

"[a]dopt rules in accordance with the provisions of chapter 17A as it may deem necessary to

We do not regard as irrational the ... policy that an individual who has been once convicted of DUI should face an extremely strong deterrent against ever again endangering his own life or the life of others by driving while intoxicated. The ... policy may seem harsh to those involved, but we cannot say it would not serve the purpose of discouraging recidivist drunk driving and it certainly is within the bounds of minimum rationality.

We conclude that it was the intent of the legislature in enacting the temporary restricted license provisions which are at issue to grant the department of transportation discretion to deny such licenses for reasons such as those included in the challenged rule.

II. *Propriety of Exercising Agency Discretion by Administrative Rule.*

Petitioner next contends that, even if the agency has discretion to deny a restricted license as a result of his prior OWI revocation, it must exercise such discretion in each individual case rather than by blanket rule. He posits such argument on the requirements of section 321B.26 that there be a hearing on an applicant's entitlement to a temporary restricted license.

▉ Petitioner has suggested no principle of administrative law and we have found none which suggests that the right to a contested case hearing before an agency on a particular issue limits the rule-making powers of the same agency with respect to the subject to the required adjudication. In *Young Plumbing & Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 382–83 (Iowa 1979), we recognized that, absent statutory guidance, the choice of whether to develop policy by rule, contested case, or both, lies "within the informed discretion of the administrative agency."

The practice of employing rule-making as a means of exercising administrative discretion in the area of revocation of drivers' licenses was viewed with approval in *Dixon*

transact its business and for the administration

*v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). In that case, the Court commented with approval on the policies adopted by the licensing officials of the state of Illinois:

The present case is a good illustration of the fact that procedural due process in the administrative setting does not always require application of the judicial model. When a governmental official is given the power to make discretionary decisions under a broad statutory standard, case-by-case decisionmaking may not be the best way to assure fairness. Here the Secretary commendably sought to define the statutory standard narrowly by use of his rule-making authority. The decision to use objective rules in this case provides drivers with more precise notice of what conduct will be sanctioned and promotes equality of treatment among similarly situated drivers.

*Id.* at 115, 97 S.Ct. at 1729, 52 L.Ed.2d at 179. Similar approval of the use of rule-making in analogous settings is found in K. Davis, *Discretionary Justice,* at 52–96 (1969); Freedman, *Summary Action by Administrative Agencies,* 40 U.Chi.L.Rev. 1, 44–49 (1972).

▉ Petitioner's contention that section 321B.16 envisions an independent exercise of discretion in each case such as is required of a judge in the exercise of sentencing discretion ignores an important distinction between the judicial process and the administrative process. The discretion given to the agency is granted to the agency as a policy-making entity and not to the individual hearing examiners who may be called upon to apply that policy. We believe that the required exercise of discretion has been adequately exercised by the agency in the present case through the use of its rule-making authority.

III. *Alleged Inconsistency Between Agency Rule and Section 321B.16.*

▉ The next issue for determination is whether the challenged agency rule is invalid because it conflicts with the legisla-

and exercise of its powers and duties."

tive intent of section 321B.16. An administrative rule which does not comport with the intent of the enabling legislation may be abrogated as an act in excess of the agency's authority. *Hiserote Homes, Inc. v. Riedemann,* 277 N.W.2d 911, 913 (Iowa 1979).

It is petitioner's contention that, because section 321B.16 expressly contemplates revocations with respect to which the licensee has had a prior license revocation for violating section 321.281,[2] the challenged rule conflicts with the final paragraph of section 321B.16 which authorizes the issuance of temporary restrictive licenses for "a person whose license has been revoked under this section." This argument loses much of its force in light of our previous determination concerning the extent of the agency's discretion in issuing temporary restrictive licenses under section 321B.16 to some but not all persons with a need therefor.

In attempting to determine the policy underlying the statutes at the time of petitioner's revocation,[3] we note that section 321B.16 does not purport to permit the issuance of temporary restrictive licenses to persons *convicted* of violating section 321.281, even as to first offenders. Eligibility for restricted licenses under the statute is limited to persons whose licenses have been revoked as a result of chemical test results. If a conviction occurs involving the same incident for which the chemical test was taken, this would provide an alternative basis for license revocation falling under the statutory proviso that "this paragraph [authorizing temporary restricted licenses] does not apply to a person whose license is suspended or revoked for another reason." Petitioner has failed to establish that the agency rule conflicts with the legislative policy evinced by section 321B.16.

IV. *Effect of Section 17A.2(7)(j) on the Scope of Rule-Making.*

Finally, petitioner contends that the challenged rule is in contravention of the basic statutory definition of rule-making contained in Iowa Code section 17A.2(7)(j) (1983). That statute provides that an agency rule does not include "[a] decision by an agency not to exercise a discretionary power." Petitioner would interpret this definitional statute as a legislative prohibition of any agency rule which limits the area in which the agency may exercise its discretion in making contested case determinations.

We cannot agree that section 17A.2(7)(j) was intended to limit the use of rule-making as a means of exercising agency discretion. It appears to be the intent of this particular rule to limit the precedential effect of purely discretionary agency action in declining to decide issues presented in a contested case or a request for declaratory ruling. *See* Bonfield, *Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process,* 60 Iowa L.Rev. 731, 838 (1975). The statute merely restates the standard that rules cannot be promulgated during the course of contested case adjudications. *See Young Plumbing & Heating Co.,* 276 N.W.2d at 382–83. We have considered all arguments which have been advanced and find no basis for disturbing the judgment of the district court.

AFFIRMED.

---

**2.** The only consequence of prior revocations based on section 321.281 which is expressly recognized in section 321B.16 is in regard to the length of the revocation under the latter statute.

**3.** The applicable statutes have since been substantially revised. *See* 1984 Iowa Acts ch. 1292, §§ 13 and 14, amending section 321B.13.