**Melvin L. VEACH, Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Appellant.**

**No. 84–1964.**

Supreme Court of Iowa.

Sept. 18, 1985.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Henry J. Haugen, West Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This interlocutory appeal concerns the constitutionality of a rule promulgated and applied by the Iowa Department of Transportation (DOT) to deny temporary work permits to persons whose drivers' licenses were suspended when they refused to submit to chemical testing for blood alcohol

content. The DOT applied its rule to deny petitioner a work permit because he was arrested for operating a motor vehicle while intoxicated and refused to submit to chemical testing. On judicial review the district court declared unconstitutional the DOT rule then in effect, 820 Iowa Administrative Code [07,C] 11.4(4)(g) (1982). We reverse and remand with directions.

The relevant facts are not disputed. On June 8, 1984, petitioner was arrested and charged with operating a motor vehicle while intoxicated. Although petitioner consented to a preliminary breath screening test, he subsequently refused further chemical testing. Pursuant to DOT procedures, and consistent with Iowa Code section 321B.13 (1983), petitioner's license to operate a motor vehicle was suspended. The DOT then applied the rule here challenged to deny petitioner's request for a work permit during the period of license suspension, and petitioner requested judicial review and a temporary injunction to prevent the DOT from enforcing its rule. Following hearing on the request for temporary injunction, the district court declared the DOT rule unconstitutional on equal protection grounds and enjoined the DOT from applying the rule to deny petitioner a work permit.

We granted the DOT's application for an interlocutory appeal to decide the equal protection issue. The district court found that the rule created an unconstitutional "discrepancy in class" between persons who refused chemical testing under Iowa Code section 321B, (Iowa's implied consent statute), and persons who submitted to testing that disclosed proof of intoxication. Both classes of drivers had their licenses suspended. Iowa Code § 321B.13 (1983) (refusal); Iowa Code § 321B.16 (1983) (test failure). A person who refused chemical testing, however, was declared by the rule ineligible for a work permit, whereas a person who submitted to such testing was eligible for a temporary permit even if the test resulted in a finding of intoxication. *Compare* Iowa Code § 321B.16 (1983) (providing for work permits) *with* Iowa Code § 321B.13 (1983) (no provision for work permits). The rule here challenged, 820 Iowa Administrative Code [07,C] 11.4(4)(g) (1982), provided that "[a] person whose operating privilege has been revoked for refusal to submit to a chemical test shall not be eligible for, and shall not be issued, a work permit." In addition, 820 Iowa Administrative Code [07,C] 11.5(3)(a)(2) (1982) stated that "[a] work permit shall not be issued to any person who ... [i]s subject to revocation or denial of operating privileges ... for refusal to submit to chemical testing...."

It is worthy of note that these rules, although applicable to this case, have since been repealed. Effective July 1, 1984, amendments to Iowa Code section 321B.13 and the rules promulgated thereunder now allow the issuance of work permits to persons who have refused chemical testing.

■■■ Our first step in analyzing this equal protection question is to determine whether a rational basis test or more stringent standard should be applied. *Rudolph v. Iowa Methodist Medical Center*, 293 N.W.2d 550, 557 (Iowa 1980). A challenged classification will not be subject to strict scrutiny unless it impinges upon a fundamental right or disadvantages an inherently suspect class. *State v. Wehde*, 258 N.W.2d 347, 352 (Iowa 1977). The statutes and rule involved in this case implicate neither a fundamental right nor a suspect classification, and we therefore decide their constitutionality under the traditional rational basis test. *Stracke v. City of Council Bluffs*, 341 N.W.2d 731, 733–34 (Iowa 1983). Under the rational basis test, a class distinction will survive if it rationally furthers a legitimate state interest. *Rudolph*, 293 N.W.2d at 558 (quoting *McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961)).

■■■ The privilege of operating a motor vehicle is not unrestrained. *See State v. Hitchens*, 294 N.W.2d 686, 687 (Iowa 1980). The legislature has enacted Iowa Code chapter 321B as part of its attempt to promote highway safety through the enforcement of laws prohibiting the operation

of a motor vehicle by persons having a certain amount of alcohol in the blood. *State v. Knous,* 313 N.W.2d 510, 511–12 (Iowa 1981); Iowa Code § 321B.1 (1983). The statute allows the State to require a person suspected of driving while intoxicated to submit to chemical testing in order to determine blood-alcohol content. Iowa Code § 321B.4 (1983). Chapter 321B is based on the premise "that a driver impliedly agrees to submit to a test in return for the privilege of using the public highways." *Knous,* 313 N.W.2d at 512 (quoting *Hitchens,* 294 N.W.2d at 687). The right of an arrested motorist to refuse chemical testing is not mandated by the Constitution, but is "simply a matter of grace bestowed by the ... legislature." *South Dakota v. Neville,* 459 U.S. 553, 565, 103 S.Ct. 916, 924, 74 L.Ed.2d 748, 760 (1983); *Hitchens,* 294 N.W.2d at 687.

The State's interest in public safety is substantially served by treating people who refuse chemical testing differently from people who submit to testing. The State has a strong interest in obtaining the best available evidence of the amount of alcohol in a driver's bloodstream at the time of arrest. Accurate test results, if positive, provide valuable evidence for use in criminal prosecution, and the legislature has given high priority to "the enforcement of laws prohibiting operation of a motor vehicle while under the influence ... or while having a certain amount of alcohol in the blood." Iowa Code § 321B.1 (1983) (declaration of policy); *see Lenning v. Iowa Department of Transportation,* 368 N.W.2d 98, 101 (Iowa 1985) (upholding DOT rules denying issuance of work permits to persons with prior license revocations). Scientific test results, although imperfect, may be superior to testimonial disputes. *See Mackey v. Montrym,* 443 U.S. 1, 19, 99 S.Ct. 2612, 2621, 61 L.Ed.2d 321, 335 (1979) (recognizing state's "right to offer incentives for taking a [chemical] test that provides the most reliable form of evidence of intoxication for use in subsequent proceedings").

The DOT rule here challenged encourages drivers to submit to chemical testing and thereby facilitates citizen cooperation in the enforcement of highway safety. The denial of a work permit upon a driver's refusal to submit to chemical testing is simply one method used to achieve that legitimate goal.

We conclude that the State's interest in obtaining reliable evidence of intoxication or sobriety, and in facilitating citizen cooperation in the enforcement of highway safety, justified the DOT rule denying work permits to those persons who refused chemical testing. The rule did not deprive petitioner of his right to equal protection of the law under the fourteenth amendment to the Constitution. The interlocutory judicial review ruling declaring the DOT rule unconstitutional is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.