Richard Allen BARNES, Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Appellant.

No. 85–1243.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., Lester A. Paff, Special Asst. Atty. Gen., Dan Perkins and Mark Hunacek, Asst. Attys. Gen., for appellant.

Matthew J. Devlin and Arthur F. Gilloon of Norman & Gilloon, Dubuque, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, CARTER, and LAVORATO, JJ.

CARTER, Justice.

The Iowa Department of Transportation (the Department) appeals from an order of the district court refusing to limit eligibility for a temporary restricted license under Iowa Code section 321B.13 (1985) (refusal to take chemical test) to persons who have entered pleas of guilty to an underlying OWI offense. We conclude that the statute does so limit eligibility for temporary restricted licenses where revocation is based on refusal to submit to chemical testing. We therefore reverse the judgment of the district court.

The driver's license of Richard Allen Barnes was revoked by the Department on September 8, 1984, on the ground that he had refused to submit to a chemical test which was requested in accordance with the provisions of Iowa Code section 321B.4 (1985). Barnes was arrested for OWI on September 8, 1984. He does not dispute that the arresting officer had reasonable grounds to request that he submit to a chemical test. Moreover, he concedes that his license was properly revoked as a result of his refusal to submit to such a test. He urges, however, that, based upon his showing that his occupation required him to drive a motor vehicle, he should have been granted a temporary restricted license during the period of revocation.

Pursuant to a plea bargain, the OWI charge against Barnes for the September 8, 1984 incident was subsequently dismissed. The plea bargain provided that, in exchange for such dismissal, Barnes would plead guilty to three simple misdemeanor charges. He did plead guilty to said charges which were public intoxication, failure to maintain control of his vehicle, and disorderly conduct. He was fined a total of $353 for these violations.

Barnes applied to the Department for a temporary restricted license. His application was denied based on the Department's interpretation of Iowa Code section 321B.13 (1985) which provides in part:

If a person refuses to submit to the chemical testing, a test shall not be given, but the department, upon the receipt of a sworn report of the peace officer that the officer had reasonable grounds to believe the person to have been operating a motor vehicle in violation of section 321.281, that specified conditions existed for chemical testing pursuant to section 321B.4, and that the person had refused to submit to the chemical testing, shall revoke the person's license or permit to drive and any nonresident operating privilege for a period of two hundred forty days....

....

The department may, on application, issue a temporary restricted license to a person whose license has been revoked under this section and who has entered a plea of guilty to a charge under section 321.281 when the person's regular employment includes the operation of a motor vehicle or who cannot perform the person's regular occupation without the use of a motor vehicle, or when the person's use of a motor vehicle is necessary to attend evaluation, treatment or educational services for alcohol or drug dependency, or to attend court ordered community service, but the person shall not operate a vehicle for pleasure while holding a restricted license.

The Department determined that, where revocation is based on refusal to submit to a chemical test, section 321B.13 limits eligibility for a temporary restricted license to persons who have entered a plea of guilty to a charge under section 321.281 (1985).

Barnes filed a petition for judicial review challenging the final agency determination on this issue. He asserts that the agency action denying his eligibility for a temporary restricted license was unreasonable, arbitrary, and capricious. In the alternative, he asserts that, in the event section 321B.13 is interpreted as the Department suggests, the limiting provisions contained in the statute deny him due process of law and equal protection of the law as guaranteed by the fourteenth amendment to the federal constitution.

In ruling on Barnes' petition for judicial review, the district court determined that

the Department's decision was unreasonable, arbitrary, and capricious to the extent that it denied him a temporary restricted license solely because he had not entered a plea of guilty to a violation of section 321.-281. It ordered that the agency's order be set aside and remanded the matter to the agency for a reconsideration of Barnes' application based on all of the surrounding facts and circumstances including "circumstances leading to petitioner having failed to plead guilty to a violation of section 321.281." The district court did not reach the constitutional claims which Barnes has asserted.

I. *Review of Judicial Review Decisions Which Remand Proceedings for Further Agency Action.*

■ Although the district court's decision did not finally resolve the issue of Barnes' entitlement to a temporary restricted license and contemplated further proceedings before the agency in order to reach that determination, the Department is entitled, as of right, to appeal at this stage. Section 17A.20 (1985) provides:

An aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal.

In *Continental Telephone Co. v. Colton,* 348 N.W.2d 623, 625 (Iowa 1984), we held that a district court decision providing for remand to the agency for further proceedings is a final judgment for purposes of appeal under this statute. The agency has been aggrieved by the district court's decision reopening an issue which the agency had finally determined, and the denial of an effective right of appellate review at this stage could result in further prejudice.

II. *Finding of Unreasonable, Arbitrary, and Capricious Action by the Agency.*

The district court essentially resolved Barnes' petition for judicial review under the provisions of section 17A.19(8)(g) (1985) which provides that a court may grant appropriate relief from agency action when that action is "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." In *Churchill Truck Lines v. Transportation Regulation Board,* 274 N.W.2d 295, 299 (Iowa 1979), we concluded that the terms "arbitrary" and "capricious," when applied to test the propriety of agency action, suggest action taken without regard to established rules or standards. These criteria are more fully developed in *Frank v. Iowa Department of Transportation,* (Iowa 1986).

In challenging the district court's determination that its actions were arbitrary or capricious, the Department asserts that agency determinations which are required by controlling statutory law cannot be determined to be arbitrary or capricious. Where licenses have been revoked for refusal to submit to chemical testing, the Department views section 321B.13 as limiting eligibility for a temporary restricted license to only those persons subsequently pleading guilty to an OWI offense based on the circumstances which prompted a peace officer to request the test.

We agree that the determination of whether the Department's action in the present case was unreasonable, arbitrary, or capricious turns on the interpretation of section 321B.13. The Department may only grant a temporary restricted license where allowed by statute. *Janssen v. Sellers,* 207 N.W.2d 746, 747 (Iowa 1973). If its denial of Barnes' application was mandatory under controlling statutory provisions, there was no room for arbitrary or capricious action. *See Hensley v. Iowa Department of Job Service,* 336 N.W.2d 448, 451 (Iowa 1983) ("we find no basis upon which to conclude that the agency acted arbitrarily or capriciously in acting upon those facts before it which indicated that disqualification was mandated by the appropriate statutes.").

■ Our reading of section 321B.13 convinces us that the Department's interpretation of the statute is correct. In the

field of statutory interpretation, legislative intent is expressed by omission as well as by inclusion. The express mention of certain conditions of entitlement implies the exclusion of others. *In re Estate of Wilson,* 202 N.W.2d 41, 44 (Iowa 1972); *North Iowa Steel Co. v. Staley,* 253 Iowa 355, 357, 112 N.W.2d 364, 365 (1961). During license revocations for refusal of chemical testing, the legislature has tied the granting of temporary restricted licenses to specific circumstances. We find this linkage expresses an intention to deny such entitlement in the absence of such circumstances.

Our conclusion is buttressed, we believe, when the prior legislation and administrative regulations on this subject are considered. Prior to July 1, 1984, there was no statutory authorization for a temporary restricted license for persons whose licenses were revoked based on refusal of chemical testing. Regulations of the Department expressly denied eligibility for a temporary license in those situations. 820 Iowa Admin.Code [07,C] 11.4(4)(g) (1982). This total denial of eligibility was upheld against due process and equal protection challenges in *Veach v. Iowa Department of Transportation,* 374 N.W.2d 248, 249–50 (Iowa 1985). The provision of section 321B.13 which is under consideration in the present case became effective July 1, 1984. It alters the denial of eligibility in the single circumstance mentioned, *i.e.,* for persons pleading guilty to OWI. Had the legislature intended to further enlarge the area of entitlement, we believe it would have spelled that determination out in the statute. For all of the reasons we have indicated, the trial court erred in its determination that the Department's denial of Barnes' application was arbitrary and capricious.

## III. *Constitutional Challenges to Section 321B.13.*

■ The district court did not consider Barnes' due process and equal protection challenges to section 321B.13. Under the Iowa Administrative Procedure Act, the district court functions in an appellate ca-

pacity to correct errors of law on the part of the agency. *Lefebure Corp. v. Iowa Department of Job Service,* 341 N.W.2d 768, 770 (Iowa 1983); *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 165 (Iowa 1982). We conclude that the constitutional claims which have been lodged by Barnes were adequately preserved for review in that court. In our review of the action of the district court, we merely apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Lefebure Corp.,* 341 N.W.2d at 770; *Foods, Inc.,* 318 N.W.2d at 165.

Where the district court has not reached certain issues because they were deemed unnecessary to the decision under the rationale it elected to invoke, we are faced with the problem of whether, when we disagree with that rationale, to go ahead and decide the additional issues ourselves or remand those issues to the district court for its determination. If the additional issues are not briefed and argued in this court, we have no choice but to remand them for district court determination. *See Peoples Natural Gas Co. v. Iowa State Commerce Commission,* 382 N.W.2d 452, 456 (Iowa 1986). Where, however, as in the present case, the additional issues have been fully briefed and argued in this court, we conclude that it is in the interest of sound judicial administration to decide these issues here. We therefore consider Barnes' equal protection and due process arguments.

■ A. *Due process challenge.* Barnes contends that those features of section 321B.13 which limit entitlement to a temporary restricted license to those who have entered a plea of guilty serve to deny him due process of law. With respect to any potential claim of substantive due process, we believe that issue has been answered contrary to Barnes' contentions in *Veach,* 374 N.W.2d at 249–50. We held in that case that the state's interest in obtaining reliable evidence of intoxication or sobriety and in facilitating citizen cooperation

in the enforcement of highway safety justified an administrative rule denying temporary licenses with respect to all refusals of chemical testing. We think this rationale precludes any substantive due process challenge to the present statute denying entitlement in some but not all situations of refusal to submit to chemical testing.

We also reject Barnes' contention that the statute works a denial of procedural due process in its application to his present situation. The Iowa Administrative Procedure Act and applicable agency rules satisfy procedural due process in affording him adequate notice and opportunity to be heard on his application for a temporary restricted license. His complaints do not involve the procedural aspects of the agency's determination but rather its substantive rules of decision. The available constitutional challenges to these rules of decision, if any, must be predicated on some basis other than procedural due process.

B. *Equal protection.* In considering an analogous situation in *Veach,* 374 N.W.2d at 249, we determined that an equal protection challenge to the Department's refusal of a temporary restricted license will be considered under the traditional rational basis test. Under this test, a class distinction will survive if it rationally furthers a legitimate state interest. In *Veach,* we upheld a classification which denied temporary restricted licenses to all persons who refused chemical testing but permitted the granting of such temporary licenses to persons whose licenses were revoked for other reasons. We found a rational basis for that classification in the strong interest of the state in obtaining the best available evidence of the amount of alcohol in a driver's bloodstream for purposes of enforcement of highway safety.

We are now asked to determine whether a rational basis exists for the granting of temporary restricted licenses to those persons who refuse chemical testing but later plead guilty to the underlying OWI charge while denying eligibility to those persons refusing testing and not pleading guilty to such an offense. We conclude that a rational basis, sufficient to sustain this classification, lies in the fact that a person who pleads guilty subsequently supplies a substantial equivalent to chemical testing for purposes of the enforcement of the applicable statutory and administrative machinery. Any adverse consequences which the challenged statute has in determining the voluntariness of a guilty plea for purposes of the underlying criminal action must be decided in regard to the criminal proceeding. Those considerations afford no basis for challenging the administrative consequences which flow from section 321B.13.

Barnes also suggests that section 321B.13 creates a second classification which is violative of due process as applied to his situation. That classification involves, on the one hand, persons who have pled guilty to the underlying OWI offense, and, on the other hand, those persons who had no opportunity to plead to such a charge because no charge was filed or an OWI charge was filed but subsequently dismissed.

In terms of the underlying state interest which supports the denial of temporary restricted licenses to persons who refuse to submit to chemical testing, we believe that there is a rational basis for limiting any exception to that proscription to persons who have in fact pled guilty. As we found in *Veach,* the policy underlying the imposition of sanctions for the refusal of chemical testing is to aid in obtaining accurate and reliable evidence. With this purpose in mind, the failure to file an OWI charge, or the reduction or dismissal of such a charge, is not a valid reason for withholding the sanctions triggered by refusal of chemical testing because such disposition may have been the result of an evidentiary void which the refusal created.

Finally, we consider Barnes' equal protection challenge based upon the fact that other violations resulting in revocations may have public safety ramifications equal

in magnitude to the refusal of chemical testing, although temporary licenses may be approved during revocations based on that type of conduct. We think this argument is sufficiently similar to that which was lodged and rejected in *Veach*, 374 N.W.2d at 249–50, that a different result may not obtain on the present appeal.

We have considered all arguments advanced by the appellee for sustaining the district court's determination but agree with the Department's contention that the district court should be reversed and the final agency determination reinstated. We so order.

REVERSED.