Marion CRUISE, Plaintiff-Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Defendant-Appellant.

No. 85–1270.

Court of Appeals of Iowa.

June 4, 1986.

Thomas J. Miller, Atty. Gen. and Mark Hunacek, Asst. Atty. Gen., for defendant-appellant.

John D. Standafer, Cedar Rapids, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Defendant Iowa Department of Transportation appeals an adverse judgment in a judicial review proceeding. We reverse.

The facts of this case are undisputed. Plaintiff Marion Cruise was arrested for OWI on January 21, 1984. An administrative hearing was held concerning plaintiff's license revocation and application for a work permit. The hearing officer revoked his license for one year and denied plaintiff's request for a work permit on the grounds that he had refused to submit to a chemical test and that he had a previous revocation for violation of Iowa Code section 321.281. The hearing officer specifically relied upon a 1984 administrative rule that stated, "A person whose operating privilege has been revoked for refusal to submit to a chemical test shall not be eligible for, and shall not be issued, a work permit." 820 Iowa Admin.Code [07,C]11.-4(4)(g). The officer additionally cited and relied upon a Department of Transportation rule that prohibited the issuance of a work permit to any person who had a previous revocation for violation of Iowa Code section 321.281. The agency affirmed the hearing officer's decision on appeal.

Upon judicial review, the district court determined that the Department's rule prohibiting the issuance of a work permit due to refusal to submit to chemical testing exceeded its statutory authority and was, therefore, ultra vires. The trial court reasoned that the rule conflicted with Iowa Code § 321B.26 (1983). The trial court interpreted section 321B.26 to cover the issue of whether or not a person should be issued a temporary restricted license or work permit. It concluded, therefore, that the hearing officer exceeded his statutory authority by following the rule prohibiting the issuance of the work permit, instead of allowing an independent discretionary finding based on the facts submitted at the hearing. We find no evidence in the trial court's ruling that it considered the alternate rule relied upon by the hearing officer.

The sole issue on appeal is whether the Department's adoption of the rule forbidding the issuance of a work permit is ultra vires because it is contrary to the requirements of section 321B.26 that there be a hearing on an applicant's entitlement to a temporary restricted license.

■ An administrative rule which does not comport with the intent of the enabling legislation may be abrogated as an act in excess of the agency's authority. *Lenning v. Iowa Dept. of Transp.*, 368 N.W.2d 98, 103 (Iowa 1985); *Hiserote Homes, Inc. v. Riedemann*, 277 N.W.2d 911, 913 (Iowa 1979). The precise authority in question in this appeal is the extent of rule-making authority given to the Department within the overall framework provided by the enabling legislation. "Absent statutory guidance, the choice of whether to develop policy by rule, contested case, or both, lies '[within] the informed discretion of the administrative agency.'" *Young Plumbing & Heating Co. v. Iowa Natural Resources Council*, 276 N.W.2d 377, 382–83 (Iowa 1979).

The Department argues that this question has been decided by the supreme court's ruling in *Veach v. Iowa Dept. of Transp.*, 374 N.W.2d 248 (Iowa 1985). In *Veach*, the supreme court ruled that 820 Iowa Admin.Code [07,C]11.4(4)(g) (1982), prohibiting the issuance of a work permit to a person that has refused to submit to a chemical test, was not unconstitutional on equal protection grounds. The *Veach* court held that the rule bore a rational relationship to the state's interest in public safety. The Department maintains that this holding mandates a ruling in this case that the rule is not ultra vires. The Department's argument is founded upon the conclusion that the standard applied to the equal protection issue in *Veach*, is essentially the same as the standard to be applied to an ultra vires issue.

■ While we agree they are similar, we cannot concur that the two standards can, in effect, be interchanged. The specific standard applied to the equal protection issue in the *Veach* case was whether the agency rule "rationally furthers a state interest." 374 N.W.2d at 249. On the other hand, the proper standard for the ultra vires issue before us today is whether a rational agency could conclude that its rule was within its delegated authority. *Iowa-Illinois Gas & Electric Company v. Iowa State Commerce Commission*, 334 N.W.2d 748, 751–52 (Iowa 1983). A state's interest is often proclaimed not only through its statutes, but also through the administrative agencies to whom discretionary powers have been delegated. And, if an agency rule that has been formulated via the agency's discretionary rule-making authority has been determined to rationally further the state's interest, it would be logical to conclude also that the rule would necessarily be within its delegated powers. But this conclusion bypasses the very issue before us today. The ultra vires issue reaches us because the trial court held that the hearing officer should have made his decision based upon an independent discretionary finding, rather than a strict arbitrary rule formulated by the agency. The issue in this case focuses narrowly upon the hearing officer's discretion to follow the rule rather than the agency's discretion to formulate the rule in the first place.

■ It is not disputed that both Iowa Code section 321B.26 and the former agency rule, Iowa Admin.Code 820[07,C]11.4(4)(g), legitimately further the state's interest concerning public safety on the highways. Both the Code section and the agency rule strive to achieve the same objective. The only difference, of course, is that under the agency's rule, the hearing officer's discretion to apply the state's policy has been summarily supplanted by the agency's rule-making authority. But, as the supreme court in *Lenning, supra*, at 102, said, "Petitioner has suggested no principle of administrative law and we have found none which suggests that the right to a contested case hearing before an agency on a particular issue limits the rule-making powers of the same agency with respect to the subject to the required adjudication."

In *Lenning*, the supreme court specifically dealt with 820 Iowa Admin.Code [07,-C]11.3(4) which provides that, in connection with a revocation based on chemical test results, a temporary license "shall not be issued to anyone who ... [h]as previously had a revocation for a violation of Iowa Code section 321.281." The supreme court in *Lenning* held that the rule was an adequate exercise of the Department's discretion required by statute through its use of rule-making authority.

We recognize that the specific administrative code section in *Lenning* is not the same section we are considering in this case. However, the rule in *Lenning*, 820 Iowa Admin.Code [07,C]11.3(4), is, like the rule before us today, a part of the same scheme of similar rules pertaining to specific conditions determined by the Department to warrant denial of a work permit. *See* 820 Iowa Admin.Code [07,C]11.3(3)(c), 11.4(3)(c), 11.5(3)(c), 11.6(1), 11.7(3)(c), 11.8(3)(b), and 11.9(3). Thus, we can, in this instance, adopt the holding of the *Lenning* decision and apply it to a similar condition with similar consequences. The supreme court in *Lenning* spoke directly to the issue before us today when it cited with approval *Dixon v. Love*, 431 U.S. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172, 179 (1977):

> The present case is a good illustration of the fact that procedural due process in the administrative setting does not always require application of the judicial model. When a government official is given the power to make discretionary decisions under a broad statutory standard, case-by-case decision-making may not be the best way to assure fairness. Here the Secretary commendably sought to define the statutory standard narrowly by use of his rule-making authority. The decision to use objective rules in this case provides drivers with more precise notice of what conduct will be sanctioned and promotes equality of treatment among similarly situated drivers.

368 N.W.2d at 102.

Therefore, in view of the adoption of the rule, we cannot agree with petitioner that the proper interpretation of Iowa Code section 321B.26 requires the hearing officer to exercise his discretion in each case, like that of a trial judge exercising his sentencing discretion. To so hold would ignore that argument that there is an important distinction between the judicial process and the administrative process. Cf. *Conner v. Iowa Dept of Transp.*, Iowa App. #6–80/85–833, —— N.W.2d —— (Iowa App. 1986). "The discretion given to the agency is granted to the agency as a policy-making entity and not to the individual hearing examiners who may be called upon to apply the policy." *Lenning*, 368 N.W.2d at 102.

Although both Iowa Code section 321B.26 and the former agency rule enforce the same policy, the two do not necessarily conflict with one another because, as we have noted, "the choice of whether to develop policy by rule, contested case, *or both*, lies within the informed discretion of the administrative agency." *Young, supra*, at 372–73 (emphasis ours). And, because the discretionary power involved here applies to the agency rather than the hearing officer, we hold the former administrative rule was not ultra vires. We, therefore, reverse the holding the trial court.

REVERSED.