Jack Ray SEARLS, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 86–1012.

Supreme Court of Iowa.

May 13, 1987.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Jack A. Faith, Sioux City, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

On November 2, 1984, Jack Searls was arrested for allegedly operating his motor vehicle while intoxicated in violation of Iowa Code section 321.281 (1983).[1] In accordance with chapter 321B, he submitted to chemical testing, the results of which indicated an alcohol concentration of ten hundredths or more. His driving privileges were revoked as required by section 321B.16.

Searls then requested a hearing before the Iowa Department of Transportation (DOT), not to contest his revocation, but to request a work permit during the pendency of the revocation. Because Searls' driver's license had previously been revoked for OWI in February 1982, the agency invoked section 321B.13 which limits the DOT's discretion to consider a work permit for persons whose license has been previously revoked until 360 days of the current revocation period has expired.

Searls sought judicial review of the agency's ruling, claiming that his license was revoked under section 321B.16, not 321B.13, and thus the more restrictive requirements of the latter section should not apply. The district court agreed, reversing the DOT and remanding the case to the agency for further proceedings. On this appeal from the district court ruling, we are persuaded that the DOT correctly interpreted the legislative scheme and we therefore reverse the trial court.

On its face, chapter 321B seems to create two distinct procedural paths for those drivers who refuse chemical tests and those who merely fail them. *See generally State v. Tuitjer,* 385 N.W.2d 246, 246 (Iowa 1986). Section 321B.13, titled "Refusal to submit—revocation—temporary restricted license" mandates license revocations for a minimum of 240 days and maximum of 540 days for suspected drunk drivers who refuse the chemical test. Section 321B.16, titled "Test result revocation—temporary restricted license" provides lesser penalties of 180 days or one year for drivers who fail the test but have cooperated in its admission. In contrast to these disparate penalties, both multiparagraph sections contain nearly identical language declaring that the DOT "may, on application" issue a temporary restricted license for purposes of employment or attendance at alcohol treatment programs. The only obvious statutory distinction between the sections is the requirement that test "refusers" first plead guilty to operating while intoxicated under section 321.281. § 321B.13.

The legislative history behind the two sections, however, reveals an obstacle to issuance of work permits under section 321B.16 not readily apparent from a review of the statute. Prior to July 1, 1984, DOT administrative regulations prohibited issuance of work permits to any person who previously had a revocation for a violation of Iowa Code section 321.281. *Lenning v. Iowa Dept. of Trans.,* 368 N.W.2d 98, 100 (Iowa 1985) (quoting 820 Iowa Admin.Code (07,C) 11.3(4)). That rule was repealed in 1984 but the following paragraph contained in section 321B.13 surfaced in its place:

**1.** This section has now been codified along with chapter 321B in chapter 321J (1987). All refer- ences in this opinion are to the 1983 Code as amended.

The department may, on application, issue a temporary restricted license to a person whose license has been subject to revocation under section 321.209, subsection 2, section 321.281, *or this chapter*, for a second or subsequent time to allow the person to drive to and from the person's home and place of employment, in the course of the person's employment, and to attend evaluation, treatment or educational services for alcohol or drug dependency, *upon expiration of the first 360 days of the person's period of revocation.*

(Emphasis added.)

Disagreement about the interpretation of the foregoing paragraph lies at the heart of this controversy. Searls and the district court would have us rewrite this paragraph to state "this section" instead of "this chapter" in order to make it applicable only to section 321B.13 revocations, thereby preserving the neat, compartmentalized treatment of test "refusers" and "flunkers" the section titles would suggest. Such an interpretation would compel the agency's consideration of Searls' request for an immediate work permit, for neither section 321B.16 (under which his license was revoked) nor agency rule now precludes such discretion. The title of a statute or heading of a section, however, cannot limit the plain meaning of the text. *Atchison, Topeka & Santa Fe Ry. v. Bair*, 338 N.W.2d 338, 344 (Iowa 1983). Nor do we find it reasonable to presume that the legislature erred in drafting the statute when it is apparent from a review of chapter 321B as a whole that the legislature understood the difference between the words "chapter" and "section." *State v. Stoneking*, 379 N.W.2d 352, 356 (Iowa 1985).

Instead, we perceive this revised statutory scheme as an effort by the legislature to enhance the penalties for drunk driving by not only distinguishing between test refusers and flunkers, but to devise harsher penalties for those persons previously revoked for the same offense, whether or not they willingly submit to chemical testing in a subsequent arrest. Mindful of the need to protect the public and deter drunk drivers, we recognized the rationality of such a policy in *Lenning*, 368 N.W.2d at 101–02 when we upheld the enforcement of the now repealed administrative rule. We are convinced that the legislature has not departed from that policy but has merely codified the former agency rule, limiting work permit eligibility in all cases for repeat offenders.

Perhaps all the penalties pertaining to test flunkers should have been listed beneath the neat heading of section 321B.16. We will not, however, rewrite the plain language of section 321B.13 for the sake of tidiness. We hold that the work permit restrictions of section 321B.13 apply with equal force to persons with prior revocations under chapter 321B, whether those revocations were based on a test refusal or a test failure.

REVERSED.