STATE of Iowa and Iowa Department of Transportation, Appellees,

v.

IOWA PUBLIC SERVICE CO., Appellant.

No. 89–214.

Supreme Court of Iowa.

April 18, 1990.

David J. Blair and Robert G. Ellis, of Blair, Stoik, Phillips and Ellis, P.C., Sioux City, and John A. Rasmussen Jr., of Iowa Public Service Company, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Acting Deputy Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellees.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Both the Iowa Department of Transportation (DOT) and the Iowa Utilities Board are given broad statutory powers and duties. The DOT is responsible for the planning, development, regulation, and improvement of transportation. Iowa Code § 307.2 (1985). The DOT's director is responsible for the planning, design, construction, and maintenance of the state primary highways. Iowa Code § 307.24. The director is authorized to adopt rules as are necessary for the administration of the DOT and the exercise of the director's and the DOT's powers and duties.

The utilities board, under the department of commerce, is directed to regulate and supervise public utilities operating in this state, including the regulation of rates and services furnishing gas and electricity to the public. Iowa Code § 476.1. The board has broad power to establish needful, just, and reasonable rules to govern the exercise of its powers and duties. Iowa Code § 476.2. Both agencies have adopted extensive rules and regulations to carry out their statutory duties.

Here we must determine if a public utility, who complied with the rules and regulations of the utilities board, must also comply with the rules and regulations of the DOT when constructing electric lines and gas pipelines within state highway right-of-way.

Iowa Public Service Company (IPS) constructed in 1985 a gas pipeline in the right-of-way of state highway 12 within the city limits of Akron, Iowa. The main pipeline runs approximately parallel to the roadway. A gas service connection crosses under the roadway at a right angle. The pipeline is buried only two feet deep at some points. Prior to construction, IPS obtained permits from the city and the utilities board and complied with their requirements.

IPS also installed in 1985 an underground electric line in the right-of-way of state highway 3 within the city limits of LeMars, Iowa. Part of the line runs approximately parallel to the roadway, but it crosses under the roadway at one point at a right angle. The electric line is not encased. Again, IPS obtained permits from the city and the utilities board and complied with their requirements.

IPS did not notify the DOT, seek a DOT permit, or comply with DOT rules governing the accommodation of utility use of highway right-of-way. Specifically, DOT

rules require gas pipelines to be buried at least three feet deep within highway right-of-way and at least four feet under the roadway itself. *See* Iowa Dep't of Transp., *Utility Accommodation Policy* § 14–2(A) (1973) (incorporated by reference at 761 Iowa Admin.Code § 115.1). Electrical cable always must be buried at least four feet deep and generally must be encased. *Id.* at §§ 14–2(A), 16–1(C). DOT rules require utilities to obtain a DOT permit to install lines upon the highway right-of-way. *Id.* at §§ 9–1, 9–6.

The DOT brought an action against IPS seeking injunctive relief and a declaratory judgment concerning the failure of IPS to follow DOT rules. After trial, the district court denied the DOT's request for a mandatory or prohibitory injunction based on the failure to obtain permits. The court did order IPS to remove or reconstruct the utility lines to comply with DOT rules, however. No declaratory judgment was issued. IPS appealed and the DOT cross-appealed.

The action was tried in equity. Thus, our review is de novo. Iowa R.App.P. 4. Since various statutes governing highways and utilities are involved, rules of statutory construction will guide us through the jurisdictional fog surrounding DOT and utilities board authority.

We begin with the undisputed propositions that the DOT exercises jurisdiction over all primary highways within the state and that state highways 12 and 3 are primary highways. *See* Iowa Code §§ 306.-3(2), 306.4(1). Since these highways pass within cities, the DOT shares concurrent jurisdiction with the cities of Akron and LeMars over these highways within city limits. Iowa Code § 306.4(3). Furthermore, the DOT has designated all primary highways "controlled access facilities" within the meaning of Iowa Code section 306A.3. 761 Iowa Admin.Code § 112.2(4) (1987). Although nothing in the record indicates the cities of Akron and LeMars have consented to this designation, IPS has admitted that highways 12 and 3 are controlled access highways within the city limits of Akron and LeMars. *See* Iowa Code

§§ 306A.3, 306A.7. Although "controlled access highways," these highways are not freeways or expressways within the meaning of Iowa Code section 306.1(2)(a).

We have held that chapter 306A, relating to controlled access highways, gives the DOT authority over the placement of utility lines along and upon interstate highways. *Iowa Power & Light Co. v. Iowa State Highway Comm'n,* 254 Iowa 534, 117 N.W.2d 425 (1962). We pointed out that we were dealing only with an interstate federal highway and our decision applied only to it, although logically it appeared the same reasoning would apply to any controlled access road. 254 Iowa at 538, 117 N.W.2d at 427. We now conclude, in light of special and later enacted statutes, that our reasoning cannot apply to the highways involved in this case. *See* Iowa Code § 4.7 (general and special provisions shall be construed to give effect to both but the special provision will prevail if they irreconcilably conflict); Iowa Code § 4.8 (later enacted statutes prevail over earlier statutes where they irreconcilably conflict).

In 1974, the legislature specifically addressed DOT authority to regulate construction of utilities within the highway right-of-way. *See* 1974 Iowa Acts ch. 1182, § 4 (codified at Iowa Code § 319.14 (1985)). The act prohibits persons from excavating, filling, or making any physical change within the right-of-way of a public road or highway without obtaining a permit from the proper highway authority. It requires work performed under the permit to conform with the specifications prescribed by the highway authority. If the work does not conform to specifications, the person must be notified to make the conforming changes. If the changes are not made, the authority may make the necessary changes and bill the person responsible for the costs. The act concludes: "Utility companies are exempt from the provisions of this section." Iowa Code § 319.14.

More recently, the legislature addressed utility use of freeway right-of-way. 1988 Iowa Acts ch. 1019, § 9 (codified at Iowa Code § 314.20 (1989)). The act requires the DOT to "develop an accommoda-

tion plan for the longitudinal utility use of freeway right-of-way, in consultation with the utilities board." *Id.* Although the title of the section refers to highway right-of-way, we conclude the requirement extends only to freeway right-of-way. *See Searls v. Iowa Dep't of Transp.*, 405 N.W.2d 808, 810 (Iowa 1987) (heading of a section cannot limit [or expand] the plain meaning of the text).

Two other provisions address DOT authority over utility placement. The DOT has authority to grant permission to lay gas mains in highways outside of cities to local municipal utilities under Iowa Code section 320.4(1). However, this section "shall not apply to or include pipeline companies required to obtain a license from the utilities division of the department of commerce." Iowa Code § 320.4(1). The DOT also has authority to require relocation or removal of utility facilities when necessary to construct a part of the national interstate and defense highway system. Iowa Code § 306A.10. *See Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986) (express mention of one thing implies the exclusion of other things).

As a review of the statutes governing electrical lines and pipelines shows, the utilities board has authority over such lines along, over, or across public highways. No person may construct an electrical line or a gas pipeline along, over, or across any public highway without a franchise or permit from the utilities board. Iowa Code §§ 478.1, 478.13, 479.3, 479.5. By statute, all petitions must set forth a general description of the public highways along, over, or across which any proposed line will pass. Iowa Code §§ 478.2, 478.3(1)(d), 479.-6(4). The board may not grant exclusive rights to place lines along or upon public highways nor grant rights for a period longer than twenty-five years. Iowa Code §§ 478.9, 479.19. The board has the authority to supervise the construction of utility lines and to require that construction conform to utilities board rules. Iowa Code §§ 478.18, 478.19, 478.30, 479.29. *See Chicago, R.I. & Pac. R.R. v. Iowa State Highway Comm'n*, 182 N.W.2d 160, 162 (Iowa 1970) (when authority is delegated to

an administrative body such authority is primary and exclusive unless a contrary intent is clearly manifested).

One exception to this scheme is found in the Code chapter regulating gas pipelines:

Nothing in this chapter shall authorize the construction of a pipeline longitudinally on, over or under any railroad right of way or public highway, or at other than an approximate right angle to such railroad track or public highway without the consent of such railroad company, the state department of transportation or board of supervisors, as the case may be, nor shall any provision of this chapter authorize or give the right of condemnation or eminent domain for such purposes.

Iowa Code § 479.24, unnumbered para. 4. The substance of this provision is set forth in utilities board rules. *See Iowa S. Util. Co. v. Iowa State Commerce Comm'n*, 372 N.W.2d 274, 277 (Iowa 1985) (courts give weight to an agency's construction of a statute so long as it does not change the meaning of the law). "Approximate right angle" is defined to mean "within five degrees of a ninety degree angle." 199 Iowa Admin. Code § 10.1(1) (1987). Undercrossings of primary or secondary highways must be at an approximate right angle "unless permission to vary further therefrom is obtained from the proper authority and filed with this board." 199 Iowa Admin.Code § 10.14. The rules provide further:

Permission to undercross primary or secondary highways need be sought only from this board, except in case of undercrossings installed at other than an approximate right angle, as herein defined, in which case permission must be sought from either the Iowa state department of transportation or the appropriate county board of supervisors.

*Id.* It is undisputed that the IPS gas pipeline in Akron crosses under highway 12 at an approximate right angle.

 Taken together, the statutory provisions evidence a legislative intent to give the DOT authority over utility placements

on freeway or interstate right-of-way. As to other highways, the special and later enacted statutes indicate utility companies are exempt from DOT authority to require permits and to require work performed to conform with DOT specifications. Although the DOT rules requiring permits and requiring lines to be encased or buried at certain depths appear to be reasonable, the DOT had no statutory authority to require IPS to comply with DOT rules under the circumstances. Rather, the utilities board had authority over construction of the lines in question. If the legislature intended that the DOT have authority over the construction of electrical lines and gas pipelines, it could have clearly so indicated. *See Hines v. Illinois Central Gulf R.R.*, 330 N.W.2d 284, 289 (Iowa 1983). *See, e.g.,* Iowa Code § 477.1 (although the utilities board has authority over telegraph and telephone lines or cables, "construction of a telegraph or telephone line or cable system along a primary road is subject to rules adopted by the state department of transportation").

Therefore, we hold the district court erred in ordering IPS to remove or reconstruct the utility lines to comply with DOT rules. We affirm, however, the district court's denial of the DOT's request for a mandatory or prohibitory injunction based on IPS's failure to obtain a DOT permit.

Absent legislative action, it is clear that cooperation among the utility companies, the DOT, and the utilities board is advisable to protect the public interest in highway safety. The utilities board recommends that utility companies confer with highway authorities before constructing utility lines in highway right-of-way. *See* 199 Iowa Admin.Code § 10.14. We would urge utility companies to follow the board's recommendation.

Costs on appeal are taxed to the department of transportation.

AFFIRMED IN PART AND REVERSED IN PART.