Therese L. COMISKEY,
Petitioner–Appellee,

v.

IOWA DEPARTMENT OF EMPLOY-
MENT SERVICES,
Respondent–Appellant.

No. 87–958.

Court of Appeals of Iowa.

April 20, 1988.

William C. Whitten and Blair H. Dewey, Employment Appeal Board, for respondent-appellant.

Walter T. Hart of Dreher, Wilson, Simpson, Jensen, Sellers, Adams & Kaiser, P.C., Des Moines, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Respondent Iowa Department of Employment Services appeals from a decision of the district court which held the petitioner was entitled to unemployment benefits even though she did not submit required claim forms for twenty-five weeks while she was appealing a Department decision that she had been discharged for misconduct. We reverse.

Petitioner Therese L. Comiskey was discharged from her job as a registered nurse with Mercy Hospital Medical Center on June 25, 1985. She applied for unemployment compensation benefits, but these were denied on July 25, 1985, on the ground that she had been discharged for misconduct. Petitioner appealed the decision of the Iowa Department of Employment Services, and on June 26, 1986, the Appeal Board reversed the earlier decision, clearing the way to her entitlement to benefits. Petitioner filed a request for retroactive benefits and submitted claim forms based upon her memory and an estimate of when she made employer contacts. On July 17, 1986, a claims deputy denied her request because she had not filed weekly claim forms required by Iowa Code section 96.6(1) and Iowa Administrative Code section 345–4.2(1)(e) for twenty-five weeks while she was appealing the earlier decision. A hearing officer affirmed the deputy's decision. Petitioner filed a petition for judicial review, and the district court reversed the Department, finding that the failure to file the weekly claim reports was inadvertent and did not prejudice the Department. The Department has appealed.

Our scope of review is governed by Iowa Code section 17A.19. The district court may grant relief from the agency action upon grounds stated in section 17A.19(8) of the Iowa Code. Our duty is to correct errors of law made by the district court. *Mathis v. State Conservation Comm'n*, 369 N.W.2d 435, 437 (Iowa 1985). The administrative agency's decision must be supported by substantial evidence in the record viewed as a whole. Iowa Code § 17A.19(8)(f) (1987). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *See Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). The possibility of drawing two inconsistent conclusions does not prevent an agency's finding from being supported by substantial evi-

dence. *Meads v. Iowa Dep't of Social Serv.*, 366 N.W.2d 555, 558 (Iowa 1985).

The Department contends that the filing of the weekly claim forms is the only means by which the Department may determine whether an individual has met the requirements for eligibility of earnestly and actively seeking work. The Department feels there was no valid reason for petitioner's failure to read or comply with the rules. They state there is not clear and convincing evidence that she made a mistake. The Department claims that petitioner was sent notice of the reporting requirement, but she just did not read it. The Department argues that petitioner did not meet her burden to prove that she was actively engaged in seeking employment.

Petitioner argues that we should affirm the district court's reversal of the agency action as it was unreasonable, arbitrary, or capricious, pursuant to Iowa Code section 17A.19(8)(g). Since petitioner had received notification she was not entitled to benefits, she felt there was no need to file weekly claim reports. Because the Department did not dispute her credibility and truthfulness during the hearings, petitioner argues she should be entitled to the benefits. The Department retorts in its appeal brief they did not believe petitioner inadvertently overlooked this information. In support thereof, the Department states that the information regarding the weekly claim reports is in block letters and very conspicuous, as well as being on the same page and directly beneath the instructions for filing an appeal of the deputy's decision, which petitioner successfully filed. In addition, they note that petitioner was provided a booklet entitled "Facts for Workers," wherein she was apprised of the necessity to continue filing claim forms throughout the appeal procedure.

An unemployed claimant is eligible to receive benefits only if the Department determines that "[t]he individual is able to work, is available for work, and is earnestly and actively seeking work." Iowa Code § 96.4(3) (1985). In order to maintain continuing eligibility, the individual must report weekly or biweekly by mail or in person at the office when the claimant last registered for work and filed a claim for benefits. 345 Iowa Admin.Code 4.2(1)(e).

Both sides rely on the case of *Ritchey v. Iowa Employment Security Commission*, 216 N.W.2d 580 (Iowa 1974). In *Ritchey*, the claimant did not file his weekly claims for approximately a twelve-week period because of an erroneous belief that he did not have to do so. The *Ritchey* court was presented with two questions: (1) as a factual matter, was the trial court bound in accepting the commission's finding claimant failed to establish his contention of fact a commission representative told his wife he was disqualified and would not be eligible; and (2) as a legal matter, if claimant did establish his contention of fact, would the commission allow the late claims. *Id.* at 583. The commission in *Ritchey* did not believe claimant's contention of fact that his wife was informed he was not eligible for benefits and thus claimant did not meet his burden to show a valid reason for failure to file timely claims. The court found that the trial court erred in overruling the commission's holding and stated the following:

> For the trial court to overturn the commission's holding, the court would have to say claimant proved this claim as a matter of law. This the court could not say, for at best claimant generated a question of fact; had the matter been tried to a jury, the court would have had to submit the question to the jury. Seldom does a party having the burden of proving a proposition establish it as a matter of law. The commission's findings on fact questions are binding on the courts.

*Id.* at 585. The *Ritchey* court did not consider the merits of the legal question but reversed on the fact question alone. Petitioner submits the complimentary conclusion may be drawn from the *Ritchey* decision: that had the commission believed claimant, the court would have permitted the retroactive filing of the weekly claim forms. Petitioner herein argues there was no evidence in her case to establish the Department did not believe that her inaction in filing weekly claim forms was due

to inadvertence and mistake; thus, she argues she should be allowed benefits.

In reviewing the record up until this appeal, we agree with petitioner that there was not a specific finding by the Department in its disbelief of petitioner's testimony that she did not file weekly claim forms based on her misperception of the rules. Nor did the district court comment on whether petitioner should be believed. The district court found as a matter of law that claimant was entitled to benefits. Thus, we find the case at hand is not identical to *Ritchey,* wherein the district court overturned the Department's finding of fact on claimant's credibility.

We therefore consider the merits of the legal issue posed. As earlier noted, the agency's decision must be upheld if supported by substantial evidence, even if two inconsistent opinions may be drawn therefrom. We have reviewed the criteria of Iowa Code section 17A.19(8) in determining whether the agency's decision was appropriate. We find that it was. We do not find the agency decision was unreasonable or arbitrary as petitioner contends. Petitioner received notice; there was no valid reason for her failure to comply with the statutory rules. Petitioner, age fifty-eight years, is a medical professional (a registered nurse) and possesses the knowledge to read the rules in pursuing her claim. The Appeal Board correctly applied the law to the facts in determining petitioner was not entitled to unemployment benefits. Petitioner had the burden to prove she was actively seeking work. Because she failed to document her job search by timely filling out claim reports but instead tried to remember for twenty-five weeks where she applied for employment, the Department had no way to evaluate whether she met the eligibility requirements.

We recognize the harshness of the decision herein; and while the equities in this case may be with petitioner, we cannot say, as a matter of law, that the Board's decision was not supported by substantial evidence. We therefore reverse the decision of the district court and reinstate the decision of the Employment Appeal Board.

REVERSED.