# IN THE COURT OF APPEALS OF IOWA

No. 18-2026
Filed April 15, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ADAM BENJAMIN BURKHEAD,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.


　　　A defendant appeals his conviction for operating while intoxicated. **AFFIRMED.**


　　　Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


　　　Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Adam Burkhead appeals his conviction for operating while intoxicated (OWI), first offense. He believes the district court should have suppressed his breath test as he was unable to "validly consent to testing." He also condemns his trial counsel's performance in raising the grounds for suppression. Finding no error in the suppression ruling, we affirm Burkhead's conviction. We decline to address his claims of ineffective assistance of counsel on this direct appeal record. Burkhead may raise them if he seeks postconviction relief.

## I.  Facts and Prior Proceedings

Altoona Police Officer Tyler Moffatt found Burkhead asleep in the driver's seat of his idling car in the parking lot of a local barbecue restaurant. Upon waking, Burkhead was "very confused" and displayed signs of intoxication including red, watery eyes; slurred speech; and "a strong odor of alcoholic beverage."

The officer's body camera captured his exchange with Burkhead. Many of Burkhead's responses were incoherent. For instance, when Officer Moffatt asked Burkhead to turn off his engine, Burkhead replied: "I'm here." Burkhead told the officer his name was Adam Adam. He could not produce his driver's license. The officer learned Burkhead had patronized the restaurant and left his wallet inside. The restaurant staff told officers they believed Burkhead had a seizure disorder. Burkhead had a receipt showing he bought two mugs of Blue Moon beer and one shot of Kentucky Fire.

When Officer Moffatt instructed him to do field sobriety testing, Burkhead did not fare well. He could not readily follow the officer's commands. The tests he did perform showed impairment. His eyes could not track the officer's finger; he

could not walk a straight line; and he could not do the one-leg stand. A preliminary breath test revealed Burkhead's blood alcohol content (BAC) was nearly two times the legal limit of .08. Officer Moffatt arrested Burkhead and transported him to the police station. Other officers searched Burkhead's car, discovering several prescribed medications, including a sedative to treat seizures.

At the station, Officer Moffatt read Burkhead the implied consent advisory and requested a breath specimen. Burkhead agreed to blow into the DataMaster machine. But when handed the stylist to mark an electronic acknowledgement, Burkhead appeared physically unable to sign. Still he told the officer, "I can sign it, but I'm lost." When offered the breath test, Burkhead appeared unable or unwilling to blow into the tube. His conversation rambled. But after the officer said he would mark down Burkhead's behavior as a refusal to take the test, Burkhead said: "It's not a refusal. It's just me being smart about it all." Burkhead eventually gave a breath sample. The DataMaster measured his BAC at .151.

The State charged Burkhead with OWI, first offense. He moved to suppress the breath test result. In that motion, Burkhead alleged his consent to chemical testing was involuntary and cited Iowa Code section 321J.7 (2018) (providing that a person who is "dead, unconscious, or otherwise in a condition rendering the person incapable of consent or refusal" is deemed not to have withdrawn the implied consent to testing under section 321J.6). Officer Moffatt testified at the suppression hearing. And the defense presented the body camera footage. Defense counsel argued the officer should have realized Burkhead "was dealing with some medical issues that went beyond drunkenness."

After assessing the evidence, the district court denied the suppression motion. The court said while it could "envision a situation where an individual is too intoxicated to make a voluntary and knowing decision to consent to testing, this case is not that case."

Burkhead waived his right to a jury trial and agreed to a bench trial on the minutes of evidence. The court found him guilty of OWI, first offense. He now appeals.

## II.      Scope and Standards of Review

Because Burkhead's suppression motion alleged a statutory violation, we review for legal error. *See State v. Green*, 680 N.W.2d 370, 372 (Iowa 2004). If supported by substantial evidence, the district court's factual findings compel our determination of those circumstances. *Id.* But the court's legal conclusions do not bind us. *Id.*

By contrast, we review his constitutional claim of ineffective assistance of counsel de novo. *See State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020). When, as here, the defendant filed his notice of appeal before July 1, 2019, we may consider his ineffective-assistance issue on direct appeal. *Id.* (discussing revisions to Iowa Code section 814.7(2020)).

## III.     Analysis

Burkhead contests his conviction on two fronts. First, he challenges the suppression ruling, contending the district court erred in deciding his consent to testing was valid. Second, he alleges trial counsel improperly focused on Iowa Code section 321J.7 (2018) at the expense of developing a medical or psychological defense to the OWI prosecution. We will address each claim in turn.

**A.      Suppression Ruling**

To address Burkhead's consent claim, we start with the "implied consent" structure of chapter 321J.  The premise is that licensed drivers "impliedly" agree in advance to submit to testing in exchange for the "privilege" of driving on Iowa's public highways.  *See State v. Palmer*, 554 N.W.2d 859, 861 (Iowa 1996).

But as our supreme court explained, in practice, the statute "requires the express consent of the driver before a test is administered."  *Id.* (citing Iowa Code § 321J.9 (if person objects to test, test will not be given)).[1]  On the other hand, if "a person is dead, unconscious or otherwise incapable of giving consent" officers may obtain a test without consent—based on certification from a medical professional.  *See* Iowa Code § 321J.7.

To be valid, Burkhead's consent to testing had to be voluntary—"freely made, uncoerced, reasoned, and informed."  *See State v. Garcia*, 756 N.W.2d 216, 220 (Iowa 2008).  In challenging that validity, Burkhead does not allege overt coercion by the Altoona officer.  Instead, Burkhead alleges the police station was an "inherently coercive" setting.  Beyond the setting, he asserts his "nonsensical replies" and "erratic behavior" signaled his inability to comprehend the meaning of the implied consent advisory.  He points to the prescriptions in his car as evidence that his psychological conditions had a role in the involuntariness of his consent.

---

[1] A motorist's right to refuse testing is statutory not constitutional; it is essentially the withdrawal of consent, which exists by statutory implication.  *See State v. Knous*, 313 N.W.2d 510, 512 (Iowa 1981).

Contrary to Burkhead's assertions on appeal, the district court *did* consider the totality of circumstances in rejecting his suppression motion. After viewing the officer's body camera footage, the court reached this fact finding:

> Mr. Burkhead was read the implied consent advisory and consented to provide a breath specimen, which he was ultimately able to do with the assistance of Officer Moffett. On two occasions during the breath test procedure Officer Moffett indicated that he was going to count Mr. Burkhead's actions as a refusal to take the test. On each occasion, Mr. Burkhead responded immediately and adamantly that he was not refusing the breath test.

We find substantial evidence in the record to support the court's factual determination. *See Green*, 680 N.W.2d at 372. From those facts, the district court aptly concluded Burkhead was capable of consenting to chemical testing. *See State v. Kalbach*, No. 05-1176, 2006 WL 3314139, at *1 (Iowa Ct. App. Nov. 16, 2006) (finding evidence supported determination defendant could consent because he was "conscious and alert" after being transported to hospital by helicopter); *see also Kolbet v. Iowa Dep't of Transp.*, No. 98-1477, 1999 WL 1020531, at *2 (Iowa Ct. App. Nov. 10, 1999) (upholding agency decision motorist was capable of consenting though "not fully coherent" after collision). True, Burkhead appeared to have medical issues beyond his intoxication. But the body camera footage showed the officer's reasonable efforts to convey the implied consent warnings to Burkhead and to accommodate his explicit consent to submit to testing. *See Garcia*, 756 N.W.2d at 223. We thus affirm the suppression ruling.

## B. Ineffective Assistance of Counsel

Burkhead next alleges his trial counsel provided ineffective assistance in two ways. First, he contends counsel failed to investigate or pursue a "medical/psychological" defense to the OWI charges. Second, he complains

counsel mistakenly focused on section 321J.7 in the suppression motion. To prevail on these claims, Burkhead must show his representation fell below an objective standard of reasonableness and a different result was reasonably probable but for counsel's unprofessional errors. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

We first assess whether the record is adequate to decide his constitutional challenge. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). Burkhead's prosecution is not one of those rare cases. Both Burkhead and his trial attorney should have their proverbial "day in court." *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). Thus we reserve Burkhead's assertions of ineffective assistance of counsel for postconviction proceedings, if he decides to pursue them.

**AFFIRMED.**